# Smith v. The State.

*Indictment for Living in Adultery or Fornication.*

1. *Constituents of offense; charge as to sufficiency of evidence.*—A conviction may be had for living in adultery or fornication (Code, § 4012),

[Smith v. The State.]

on proof of sexual intercourse between the parties on four different occasions, at intervals of a week, during one month while the defendant lived at the house of the woman's father, and his confession that he had intercourse with her whenever he desired ; and a charge instructing the jury that proof of these facts is not sufficient to authorize a conviction, is an invasion of their province, and is therefore properly refused.

FROM the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment in this case charged that the defendant, W. W. Smith, "did live in a state of adultery or fornication with Susie Mills." On the trial, as the bill of exceptions states, Susie Mills was examined as a witness for the prosecution, and testified in substance that, during the month of January, 1887, while the defendant was in her father's employment, and lived at his house, she had sexual intercourse with him on four different occasions—twice at the house, and twice at other places near the premises; and that there was an interval of about a week between the occasions. The prosecution introduced other witnesses, also, who testified to "disclosures made to them by the defendant showing that he had had sexual intercourse with said female, at the times and places mentioned by her; and his statements to one of said witnesses, that he had sexual intercourse with her whenever he desired." It was proved, also, that while the defendant lived in the employment of the woman's father, in January, 1887, "he and said female occupied separate rooms in the house." This being all the evidence, the defendant asked the following charges in writing: (1.) "The jury are not authorized to infer that the parties lived together in a state of adultery or fornication, from the mere fact that they had sexual intercourse as many as four times within the same month; nor are they authorized to infer, from these facts alone, an intention on their part to continue these acts; there must be evidence to show a living together in adultery." (2.) "The fact that the defendant and said female lived in the same house for about a month, and had sexual intercourse four times, two of which were in the house, and the other two at other places, is not, of itself, sufficient to show the state or condition existing between the parties, but there must be other evidence going to show the state or condition denounced by the statute." The court refused these charges, and the defendant excepted to their refusal.

J. D. GARDNER, for appellant.

THOS. N. McCLELLAN, Attorney-General, *contra.*

SOMERVILLE, J.—The evidence in this case, introduced on the trial, unquestionably authorized the jury to infer that the defendant lived in a state of adultery with the female named in the indictment. The facts show adulterous intercourse not less than four different times, extending through a period of one month, with a confession by the defendant that he had indulged in such illicit intimacy with said female whenever he desired. It was for the jury, under the circumstances, to say whether there existed in the minds of the parties a purpose to continue the adulterous intercourse so as to constitute a "living together in adultery," within the meaning of the statute.—Crim. Code, 1886, § 4012; *Hall v. State,* 53 Ala. 463; *Smith v. State,* 39 Ala. 554; *Collins v. State,* 14 Ala. 608; *Bodiford v. State,* decided at present term.

The charges requested by the defendant, invaded the province of the jury, and were properly refused.

Affirmed.