88 236
104 58

# Hall & Skipper v. The State.

*Indictment for Living in Adultery or Fornication.*

1. *Living in adultery or fornication; charge held abstract, misleading, and invading province of jury.*—On a prosecution against a married man and an unmarried woman for living together in adultery or fornication

[Hall & Skipper v. The State.]

(Code, § 4012), a charge to the jury in these words: "The fact that a married man makes frequent visits in the day-time, and sometimes at night, to the house of a woman of known bad reputation for virtue, without any legitimate business, is a fact tending to show an adulterous connection between them,"—is abstract, misleading, and invasive of the province of the jury when the testimony of the witnesses is only negative—that, if the man had any legitimate business at the woman's house, they did no: know it.

2. *Same; charge as to sufficiency of proof.*—A charge instructing the jury that, if they believed from the evidence, beyond a reasonable doubt, that the defendants had one act of sexual intercourse within the time covered by the indictment, and, in addition thereto, "that their minds agreed or consented together that they would repeat the act, opportunity offering," was held correct in ·Bodiford v. State, 86 Ala. 67; but the court is now inclined to the opinion that it is not a correct exposition of the law, though it is unnecessary to decide the question.

FROM the Circuit Court of Geneva.

Tried before the Hon. C. H. LANEY, as special judge.

The indictment in this case was found on the 26th September, 1884, and charged that the defendants, Nathan Hall, a married man, and Betsy Skipper, an unmarried woman, "did live together in a state of adultery or fornication." On their joint trial, as the bill of exceptions states, it was proved that the defendants lived a few miles apart; that Betsy was a woman of bad reputation for virtue, having several children, though she was never married; that Hall was seen frequently at her house, by persons passing along the public road in front; and several of the witnesses stated, that, if he had any business there, they did not know it. R. E. Jordan, one of the witnesses for the State, testified that, on passing Betsy's house after sunset one evening, within the time covered by the indictment, he saw her and Hall in the act of sexual intercourse at the corner of the house; that he was about fifty yards distant from the parties, "and thought and took the man to be Hall, and thought and took the woman to be Betsy." One Patterson, another witness for the State, testified to acts of indecent familiarity between the defendants, one night in October, 1887, when he and his father had entered Betsy's house for shelter from a heavy rain, and which induced them to leave the house at once. It was proved, also, that there was a good well in the front yard at Betsy's house, where persons passing frequently stopped to get water; and some of the witnesses said, that they had seen Hall watering his horses at the well.

On this evidence, the court charged the jury: "The fact that a married man makes frequent visits in the day-time, and sometimes at night, to the house of a woman of known

[Hall & Skipper v. The State.]

bad reputation for virtue, without any legitimate business, is a fact tending to show an adulterous connection between them." The defendants excepted to this charge, and also to each part of the following charge, which was given by the court at the instance of the solicitor: "If the jury believe beyond a reasonable doubt, from the evidence of R. E. Jordan, that the defendants had sexual intercourse with each other, just before the finding of the indictment, and in said county, this is sufficient proof of the fact of adultery or fornication; and if, in addition to this one act, they believe beyond a reasonable doubt, from all the evidence, that the minds of the defendants agreed or consented together that they would repeat the act, opportunity offering, then the defendants are guilty of living in adultery or fornication, and they should so find by their verdict."

W. D. ROBERTS, for appellants.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—That part of the general charge, to which an exception was reserved, should not have been given. It is abstract, in a sense, and misleading, in that it assumes as a fact that the defendant Hall had no legitimate business at the house of the defendant Skipper, when the evidence on this point was wholly negative in its character, and did not exclude a contrary inference. The charge, moreover, was upon the effect of this negative testimony, and *directed* the jury to consider the *fact* of Hall's having no legitimate business at Skipper's House, as tending to show adulterous intercourse, when, in view of the character of the testimony on that point, they might have inferred the non-existence of the fact itself. The right to draw this inference was in substance denied to the jury, and for this error the judgment must be reversed.—*Burney v. State*, 87 Ala. 80. The charge, in other words, assumes a fact as proved, when the evidence only tends to establish it, and is an invasion of the province of the jury.—*Jones v. Fort*, 36 Ala. 444.

The charge given at the instance of the solicitor, appears to be in the language of an instruction held to be proper in the case of *Bodiford v. State*, 86 Ala. 67. We are all now inclined to the opinion, that it is not a correct exposition of the law; but, as the present case must be reversed on the

[Wells v. The State.]

other point adverted to, we deem it unnecessary to decide this question.

The judgment of the Circuit Court is reversed, and the cause remanded.