# Walker *et al.* v. The State.

*Indictment for Adultery.*

1. *Adultery; charge of the court to the jury.*—Where, on a trial under

[Walker *et al.* v. The State.]

an indictment for "living in a state of adultery or fornication," the evidence showed that the man was married and the woman was unmarried, and tended to show they were guilty as charged, an instruction to the jury that, "If there was an understanding or agreement between the parties, that they were to have sexual intercourse with each other, and that in pursuance of such understanding or agreement, they did have sexual intercourse with each other at their mutual convenience and pleasure, then that is adultery under the statute," is not erroneous.

2. *Same; same.*—In such a case a charge which instructs the jury that, "If the evidence does not show any thing more than an occasional act of an illicit intercourse, although it was according to a previous understanding, then the defendants are not guilty," is misleading and invades the province of the jury, and its refusal is not error; since, if for a single day or night they lived together, intending a continuance of the connection, the offense, as denounced by the statute, is complete.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The appellants, Turner Walker and Rachael Johnson, were indicted, tried and convicted of living in a state of fornication or adultery. The facts are sufficiently stated in the opinion.

The portion of the general charge of the court to the jury, to which an exception was reserved by each of the defendants, was as follows: "If there was an understanding or agreement between the parties, that they were to have sexual intercourse with each other, and that in pursuance of such understanding or agreement, they did have sexual intercourse with each other at their mutual convenience and pleasure, then that is adultery under the statute." The defendant requested the court to give to the jury the following charge, and duly excepted to the refusal to give the same: "If the evidence does not show any thing more than an occasional act of illicit intercourse, although it was according to a previous understanding, then the defendants are not guilty."

JOHN D. GARDNER, and WORTHY & FOSTER, for appellants.—The evidence in the case was not sufficient to sustain a conviction under the indictment.—*Bodiford v. State*, 86 Ala. 68; *Quartemas v. State*, 48 Ala. 269; *Hall v. State*, 53 Ala. 463; *Collins v. State*, 14 Ala. 608; *Hall v. State*, 88 Ala. 236.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendants were convicted of "living in a state of adultery or fornication." Two exceptions were reserved on the trial, one to a portion of the charge given by the court *ex mero motu*, and the other to the refusal of the court to charge the jury as requested by the defendants in writing. There was evidence tending to show the guilt of the defendants as charged in the indictment. The evidence tended to show that one of the defendants was a married man, and the other an unmarried woman. The woman resided alone a portion of the time. The man was seen to leave the house occupied by her on several occasions quite early in the morning, and on one occasion when his wife, in company with a policeman, went to her house about 2 A. M., he was seen running from the house undressed. The defendants were seen to go off together on several other occasions.

We are of opinion that construing that portion of the charge of the court given *ex mero motu*, which was excepted to, with reference to the evidence, it was not erroneous. The most that can be said against it is, that it was calculated to mislead, and authorized the defendant to ask for an explanatory charge.

There was no error in refusing the charge requested by the defendant. It is misleading, invaded the province of the jury, and the conclusion does not necessarily follow the predicate. It may be true, and doubtless is, the law, that occasional acts of illicit intercourse, each had by a previous understanding or agreement for the particular act, not contemplating a continuance of the unlawful cohabitation or connection, but made in each instance for the single occasion, would not be a violation of the statute; but there may be a state or condition of cohabitation which is unlawful and prohibited by the statute, although the proof may not show more than occasional acts of illicit intercourse. Where there is such evidence as appears in the record before us, it is for the jury to say whether the unlawful state or condition exists. Occasional acts of illicit intercourse, not intending a continuance of the connection, is not the evil against which the statute is directed. "If for a single day (or night) they live together in adultery intending a continuance of the connection, the offense is complete." *Hall v. The State*, 88 Ala. 236 ; *Linton v. The State*, 88 Ala.

216; *Smith v. The State*, 86 Ala. 57; *Bodiford v. The State*, 86 Ala. 67.

We find no error in the record.

Affirmed.