# Wright v. The State.

*Adultery.*

1. *Joint indictment; severance.*—Where two persons are jointly indicted for living together in adultery, and only one of them has been arrested, it is not error for the trial court to render a severance.

2. *Adultery; evidence.*—Evidence having been offered by the State tending to show acts of adulterous intercourse within twelve months before the finding of the indictment, there was no error in receiving evidence of similar acts prior to 'that time; such evidence tends to support the charge of living together as charged in the indictment.

3. *Admission of irrelevant testimony; when not ground of reversal.* Where irrelevant testimony is elicited by the defendant, or where the evidence is responsive to a question propounded by the State without objection, a case will not be reversed because of the refusal of the trial court to exclude such irrelevant testimony.

4. *Occasional acts of illicit intercourse.*—While occasional acts of illicit intercourse do not, of themselves, constitute, as matter of law, the offense of living together in adultery, yet the jury may convict on proof of such occasional acts.

APPEAL from the Circuit Court of Cherokee.
Tried before Hon. J. A. BILBRO.

H. W. CARDEN, for appellant.

W. C. FITTS, Attorney-General, *contra.*

COLEMAN, J.—The defendant and Jane Ray were indicted for living together in a state of adultery or fornication. Only the defendant was arrested and put upon trial for the offense, his co-defendant having escaped. The court did not err in ordering a severance and proceeding with the trial of the defendant.—*Woodley v. The State*, 103 Ala. 23 ; *Marler v. The State*, 67 Ala. 55.

Evidence having been offered by the State tending to show acts of adulterous intercourse within twelve months

VOL. 108.

[Wright v. The State.]

before the finding of the indictment, there was no error in receiving evidence of similar acts prior to that time. Such evidence tends to support the charge of living together as charged in the indictment.—*Cross v. State*, 78 Ala. 430.

Where a defendant, by his own questions, elicits irrelevant testimony, or where such evidence is responsive to a question propounded by the State without objection, it is not a matter of right of the defendant to have the answer excluded. The record must affirmatively show error on the part of the trial court to work a reversal of the cause.—*Billingslea v. The State*, 96 Ala. 126.

The defendant requested the court to instruct the jury as a conclusion of law "that an occasional act of illicit intercourse is not sufficient to constitute the offense of living in a state of adultery or fornication." It is certainly the law under our construction of the statute, that occasional acts of illicit intercourse, there being no intention, or contemplation, or understanding of the parties, to continue the adulterous intercourse as desire and opportunity may arise, does not constitute the offense; but the rule is not correct, which asserts that proof of occasional acts of illicit intercourse will not authorize a conviction. Such instruction invades the province of the jury. Test the rule by the facts of the case under consideration. There was evidence tending to show that both parties occupied a room containing two beds. The parties were seen together in bed on two occasions. They were seen at another time, during the occupancy of the room, to go off and lie down together in a thicket. His own admission of having had intercourse with the woman, and all of this evidence, occurred within the period covered by the indictment. The evidence shows only occasional acts of illicit intercourse, and yet the facts, if believed by the jury beyond a reasonable doubt, authorized the jury to find a living together within the meaning of the statute. The remainder of the charge to which the foregoing statement was the premise, asserted the law correctly, and if the premise had been omitted should have been given.—*Smith v. State*, 86 Ala. 57; *Bodiford v. State*, *Ib.* 67; *Linton's Case*, 88 Ala. 216. Construing the charge in connection with the evidence, the court did not err in refusing it. There is no error in the record.

Affirmed.