# Jones *v.* The State.

*Adultery and Fornication.*

(Decided June 4th, 1908.  47 South. 100.)

1. *Adultery and Fornication; Elements of Offense.*—Section 5096, Code 1896 (Sec. 7421, Code 1907) is aimed at a state or condition of cohabitation which the parties thereto intend to continue as long as they may see fit, as distinguished from a single or occasional act; but this state or condition may be assumed in a day, if the parties so choose.

[Jones v. The State.]

2. *Evidence; Confessions; Corpus Delicti.*—Evidence that the defendant, a negro man, was seen in a shack with a white woman, both undressed and on a bed in a compromising position, is a sufficient proof of the corpus delicti to render admissible a confession of the defendant, since its tendencies were to show, and it might be inferred therefrom, that the parties resorted to the shack for the purpose of sexual intercourse at will.

3. *Same; Opinion Evidence; Voluntary Confessions.*—The question of whether a confession is voluntary is for the court, and hence a witness may not testify that a confession was voluntary.

4. *Adultery and Fornication; Evidence.*—Evidence that a woman looked like a white woman, is admissible on a charge of adultery between a negro man and a white woman.

5. *Appeal; Harmless Error; Admission of Evidence.*—The witness having testified positively to the fact, if it was error to exclude his belief in the fact, or that the fact appeared so to the witness, it was error without injury.

6. *Evidence; Demonstrative Evidence; Profert of Person.*—In a prosecution of a negro man for living in adultery with a white woman it was proper to make profert of the woman to the jury to enable it to arrive at the fact of whether she was a white woman.

7. *Evidence; Admissions by Silence.*—It was competent to show that the woman stated in the presence of the defendant, a man, when they were in the office after arrest, that she had been to that house three times with the defendant, and that he had paid her five dollars to go, and that the defendant made no reply, since such a statement was one naturally calling for a response.

8. *Witnesses; Examination; Responsiveness to Question.*—An answer not responsive to any question asked, should be excluded.

9. *Appeal; Review; Matters Presented; Argument of Counsel.*—Where the bill of exceptions does not contain all the evidence, this court cannot on appeal, disturb the ruling of the lower court as to argument of counsel on the ground that it was not sustained by the evidence.

APPEAL from Jefferson Criminal Court.

Heard before A. C. HOWZE.

Jackson Jones was convicted of living in adultery or fornication with a white woman, being himself a negro, and appeals. Reversed and remanded.

The facts are sufficiently set out in the opinion of the court. The general charge was requested by the defendant, and refused by the court.

ROBERT E. SMITH, and R. T. SHUGART, for appellant. The corpus delicti was not sufficiently shown to permit the introduction of an alleged confession.—*Smith v.*

*The State,* 39 Ala. 555; *Hall v. The State,* 53 Ala. 463; *Boddiford v. The State,* 86 Ala. 63; *Quartermas v. The State,* 48 Ala. 269; *Winslow v. State,* 76 Ala. 42.; *Johnson v. The State,* 59 Ala. 37; *Bolling v. The State,* 98 Ala. 83. A witness cannot state that a confession was voluntary.—*Johnson v. The State, supra; Bush v. The State,* 33 South. 878.

ALEXANDER M. GARBER, Attorney-General, for the State.

DENSON, J,—The defendant, a negro man, and Ophelia Smith, a white woman, are jointly charged by the indictment in this case with the offense of living in adultery or fornication with each other. The indictment is based on section 5096 of the Criminal Code of 1896 (section 7421 of the Criminal Code of 1907), and charges a felony. On a demand for severance, it was granted, and the man (appellant) was tried alone. The trial resulted in his conviction; hence this appeal.

With the exception of the racial feature, the constituent elements of the offense are the same as in ordinary cases of adultery and fornication. The voluntary sexual intercourse by the man and woman with each other "is not the offense, but an element or constituent of the offense, the statute renders indictable. As has been often explained, the statute is directed against a state or condition of cohabitation the parties intend to continue so long as they may choose, as distinguished from a single or occasional act of illicit sexual intercourse. This state or condition may well be assumed in a single day, if the parties so design, as any other state or condition may be so assumed. If for a single day they live together in adultery (or fornication), intending a continuance of the connection, the offense is com-

C 12

mitted, though the cohabitation may be broken off or interrupted from any cause whatever."—*Brown's Case,* 108 Ala. 18, 21, 18 South. 811, and cases there cited; *Walker's Case* 104 Ala. 56 ,16 South. 7; *Wright's Case,* 108 Ala. 60, 18 South. 941.

The testimony shows that two police officers in the city of Birmingham, while making a "search" during a night in January last, in Seventh alley, on going to a small "one-room shack," found defendant's horse and buggy in front of it; the horse being hitched to a telegraph pole. The officers looked through a hole in the door of the "shack," and saw the defendant and Ophelia Smith in a bed together, with their arms around each other and lying on their sides, undressed. The officers knocked on the door and were in a few minutes admitted by the defendant. Upon going into the room, they found the woman under the bed, with only a skirt drawn around her. The question is: Was this sufficient evidence of the corpus delicti upon which to base the admission of a confession by the defendant? The evidence does not show how long the defendant and the woman had been in the house together, nor does it show directly that they had been engaged in an act of sexual intercourse; but we cannot doubt that it afforded a reasonable inference that sexual intercourse had been indulged in by them. While the decisions, as stated above, hold that the state or condition of cohabitation against which the statute is leveled may well be assumed in a single day, we do not apprehend that the court meant that it would require an entire day for the assumption. On the contrary, if the evidence should reasonably afford an inference that the man and woman resorted to the "shack" for the purpose of engaging in sexual intercourse at will during the night, and intended to continue to do so afterwards as long as they might choose, and

that they did have sexual intercourse with each other, we think that would be sufficient evidence of the corpus delicti for the admission of the confession of the defendant. We do not doubt that the evidence reasonably afforded the inference mentioned.—*Hall v. State,* 53 Ala. 463; *Smith's Case,* 86 Ala. 64, 6 South. 71, 11 Am. St. Rep. 17; *McAlpine's Case,* 117 Ala. 93, 103, 23 South. 130.

The next question is whether the court committed error in allowing the witness by whom the confession of the defendant was proved to testify, over the objection of the defendant, that the statement involving the confession was voluntarily made by the defendant. Whether or not a confession has been voluntarily made is a question which must be determined by the court *Bradford's Case,* 104 Ala. 68, 16 South. 107, 53 Am. St. Rep. 24; 5 Mayfield's Dig. p. 184, § 12), and it requires no argument or citation of authority to show that to allow a witness to state in a shorthand way that the confession was voluntarily made would be to allow, not only the statement of a condition, but the substitution of the witness' opinion for the judgment of the court. It follows that the court erred in allowing the witness to testify that the statement was voluntarily made.— *Hunt's Case,* 135 Ala. 1, 33 South. 329. But as the witness had previously testified to facts from which the court was authorized to conclude that the statement or confession was a voluntary one, and as the case must be reversed on another point, to be hereafter stated, it is unnecessary for the court to determine whether or not the error committed in this respect is a reversible one.

The state's witness testified that "Ophelia Smith looked like a white woman—was a white woman." The court committed no error in overruling the motion to

exclude the expression "looked like a white woman." But, if it were error not to exclude the expression, it would be a harmless one, because the positive evidence of the witness was that "she was a white woman."

Nor was there error in the action of the court, permitting the state to make profert of the person, Ophelia Smith, to the jury, in order that they might determine whether or not she was a white woman.—*Linton's Case,* 88 Ala. 216, 7 South. 261.

After the defendant and the woman were arrested, they were carried to the "warden's office." A state's witness was permitted to testify that Ophelia Smith, in the warden's office and in the presence of the defendant, on the night of the arrest, said "she had been with the defendant three times at that house," and that he "paid her $5 to go with him." The rule laid down by elementary writers, as the result of adjudged cases, in relation to evidence of this character, is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would propably respond to it. 1 Greenfl. Ev. We cannot doubt that the statement was such as naturally to call for a response from the defendant. It was made in the defendant's presence, and there was nothing in his situation which made it improbable that he would respond. Therefore no error is shown here.—*Ryan's Case,* 100 Ala. 94, 14 South. 868; *Davis' Case,* 131 Ala. 10, 16, 31 South. 569; *Raymond,s Case,* 154 Ala. 1, 45 South. 895.

The court should have excluded that part of witness Parker's testimony in these words: "I believe that the defendant told me the truth." It was not responsive to any question propounded to the witness.

Unless there was some evidence to support it, the statement of the solicitor, made in his argument to the jury, "We frequently. convict men and women in this court for living in adultery with one another," should have been excluded. The bill of exceptions does not purport to set out all of the evidence, and we cannot say there was not evidence to warrant the statement, and therefore cannot conclude that the court erred in not excluding the statement of the solicitor.

There was no error in the refusal of the court to charge as requested by the defendant.

For the error pointed out, the judgment of the criminal court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.