E. E. WOODSON, *Plaintiff in Error*, v. THE STATE OF FLOR-*ida, Defendant in Error*.

Where there was no evidence of a living in an open state of adultery within the limited period charged, the single act of intercourse between the parties anterior to such time is not admissible to convict of a substantive offense committed between such periods.

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Dade County.

The facts in the case are stated in the opinion of the court.

*Price & Railey,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *Chas. O. Andrews,* for the State.

PARKHILL, J.—The plaintiff in error was convicted, in the Criminal Court of Record for Dade County, upon an information charging that he "on the 10th day of May, in the year of our Lord one thousand nine hundred and eleven, in the county and State aforesaid. Being then and there a widower, and one Alich English, being then

and there a married woman, having a husband living, to-wit: one B. T. English, late of the county of Dade aforesaid, on the 10th day of May, in the year of our Lord one thousand nine hundred and eleven, and thence until the 20th day of May, A. D. 1911, with force and arms at and in the county of Dade aforesaid, did live together in an open state of adultery, contrary, etc."

From the sentence and judgment in said case he sues out writ of error.

The defendant entered a plea of not guilty. Although no attack is made on the information, we deem it well to say, in order that it may not serve as a precedent or form to be followed, while it sufficiently appears from the alle gations that the defendant was a widower and Alice English was a married woman on the 10*th day of May,* 1911, the information does not allege they continued so to be until the 20th day of May, 1911, which time they are charged as having lived in an open state of adultery. Brevaldo v. State, 21 Fla. 789. We see no reason for placing a period after the word "aforesaid" and then making a new sentence and commencing the same with a capital "B" where the information alleges, "Being then and there a widow," etc. Passing these matters by, however, we think the evidence insufficient to support the verdict.

The information charges that, between the 10th, and 20th, days of May, 1911, the defendant and Alice English did live together in an open state of adultery. There was no evidence of a living in an open state of adultery within the limited period charged, and the single act of intercourse between the defendant and Mrs. English, testified to by one witness, anterior to such time, is not admissible to convict of a substantive offense committed between such periods.

The judgment is reversed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.