(87 South. 183)

## DELANEY v. STATE. (1 Div. 137.)

(Supreme Court of Alabama. Dec. 2, 1920.)

**1. Criminal law ⬅406(1), 407(1), 517(2) — Witnesses ⬅379(11)—Statements at conference after murder held admissible for certain purposes.**

In a prosecution for murder, evidence of what was said at an interview after the murder, at which defendant was present, was only admissible to show, first, a voluntary confession or other incriminatory admission by defendant; second, to show an admission resulting from silence when defendant was directly charged with guilty participation in the crime; or, third, in rebuttal by the state to show statements contradictory of any testimony given by defendant on his trial.

**2. Criminal law ⬅396(2)—Rule that whole conversation is admissible held without application to statements by defendant's coindictees.**

The rule that one against whom a competent part of a conversation is admitted is entitled to bring out the whole of the conversation to clarify or explain what has been admitted in evidence is without application, in a prosecution for murder, to recitals by witnesses of what was said by defendant's coindictees, in his presence and in the presence of officers and the solicitor, touching the murder.

**3. Criminal law ⬅409, 428—Specific questions should be framed to elicit only proper testimony as to statements of defendant's coindictees.**

In a prosecution for murder, where the state desires to introduce evidence as to what was said by defendant's coindictees relative to the crime in defendant's presence and the presence of officers and the solicitor, the state should frame its specific questions to the witnesses so that improper matter may not be introduced to defendant's prejudice, and if the effort is to prove an admission by silence on defendant's part, the question should be framed to elicit such testimony and nothing more.

**4. Criminal law ⬅425—Signed statements of coindictees inadmissible.**

In a prosecution for murder, where, during an interview participated in by defendant, his coindictees, the solicitor, and perhaps others, the solicitor noted statements made by defendant and his coindictees and had the notes transcribed into separate statements by each, each signing his respective statement, such signed statements of defendant's coindictees, neither of them examined as a witness on trial of defendant, which statements contained matter highly incriminatory of defendant, were improperly admitted, not being admissible for any purpose against defendant.

**5. Criminal law ⬅1144(14)—Presumption that evidence justified instructions does not apply where incompetent evidence admitted.**

The rule that where the bill of exceptions does not purport to contain all or substantially all of the evidence introduced on trial a state of the evidence should be presumed on appeal justifying the action of the court in giving instructions has no application or effect where there has been an erroneous reception of inherently wholly incompetent evidence, to the prejudice of a defendant in some particular, leading to an erroneous instruction.

**6. Criminal law ⬅424(3)—Admission of statement of defendant's coindictee out of defendant's presence erroneous.**

In a prosecution for murder, where, after the state had offered in evidence the written statement of defendant's coindictee, the solicitor, called as a witness by defendant, stated that the coindictee had denied the statement, the action of the trial court in permitting the solicitor to recite that such coindictee said that defendant did the shooting, a conversation which took place at the jail when defendant was not present, was error.

Sayre, Somerville, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Walter Delaney was convicted of murder in the first degree, and he appeals. Reversed and remanded.

Brooks & McMillan, of Mobile, for appellant.

The court erred in admitting the statements made by the alleged coconspirators and in his oral charge. 87 Ala. 27, 6 South. 284; 26 Ala. 44; 105 Ala. 60, 17 South. 114; 109 Ala. 11, 19 South. 535; 112 Ala. 102, 20 South. 424; 124 Ala. 37, 27 South. 410; 12 Cyc. 439. The court erred in admitting it as hearsay evidence. 156 Ala. 44, 47 South. 302; 77 South. 979; 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177. Counsel discuss other assignments of error, but cite no additional authority.

J. Q. Smith, Atty. Gen., and B. B. Chamberlain, of Mobile, for the State.

The bill does not recite that it contains all the evidence, and the presumption is that there was evidence upholding the rulings of the court. 168 Ala. 285, 53 South. 279; 200 Ala. 14, 75 South. 326. The court did not err in admitting the statements. Authorities supra. When defendant sought to impeach Edwards, the state had the right to sustain him. 83 Ala. 40, 3 South. 612; 71 Ala. 385; 76 Ala. 29; 8 Ala. App. 277, 62 South. 571. The proper predicate was laid and the statement was properly admitted. 30 Ala. 503; 54 Ala. 234; 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133.

McCLELLAN, J. The appellant, Delaney, has been sentenced to suffer death for the murder of Selig Jachnitz, alias Sam Block. He was indicted jointly with Robert Edwards, alias "Socks," and Dan Charley.

There was severance and separate trial of this appellant. The evidence required the submission to the jury of the issue of this defendant's participation in the homicide.

[1-3] It appears from the bill of exceptions that after the arrest of these three men and while they were in custody they were brought together, more than once it seems, in the presence of officers and the solicitor, where the accused men and some of the others present, including the solicitor, participated in the conversations then taking place and in the discussions touching the murder of Block. The defendant objected to the recital by witnesses of what was said by Edwards and Dan Charley on these occasions, upon the ground, mainly, that in the absence of defendant, the alleged conspiracy having been accomplished through the killing of Block, the subsequent statements of coconspirators were inadmissible. Since the defendant was shown to have been present on these occasions, the well-founded doctrine illustrated in Everage v. State, 113 Ala. 102, 21 South. 404, relied on as the basis of this particular objection, was not applicable, and the trial court did not err with respect to that doctrine when referred to those particular occasions.

Neither Edwards nor Charley was examined on the trial of this defendant. What took place, what was said at any interview or discussion, after the homicide was committed, at which this defendant was present, could only be admissible against this defendant, on his separate trial, for these purposes: (a) To show a voluntary, competent confession or other incriminatory admission by this defendant; (b) to show an admission resulting (if so) from silence when this defendant was directly charged (if so) by some one present with guilty participation in this crime; or (c) in rebuttal by the state to show a statement or statements, made on the occasion of these interviews or conversations, contradictory of any testimony given by the defendant on his trial. These purposes should have confined and directed the character and method of the presentation to the jury of the matters of admissible evidence, derived (if so) from these interviews at which this defendant was present, to the consideration of which the prosecution was entitled in determining the controverted issue of his guilt in the premises. The familiar rule that one against whom a competent part of a conversation is admitted is entitled to bring out the whole of the conversation, to clarify or explain that which has been admitted in evidence, is without application in the circumstances here disclosed. Upon the retrial to which this cause will be remanded for prejudicial errors otherwise, very attentive care should be taken to confine the adduction of such of the admissible substance of these interviews or conversations as fall within the categories stated, and in doing so to require the framing of specific questions to the witnesses that improper matter may not be introduced to the prejudice of the defendant. To illustrate: If the prosecution's theory comprehends evidence of silence on defendant's part when directly charged or accused, within the rules governing the admissibility of that character of evidence resulting from the implication of criminatory admission by one accused (Jones' Case, 156 Ala. 175, 47 South. 100, among others), the charge, accusation, or inquiry calling for a denial or explanation by this defendant should be sought by appropriate, distinct question propounded to the witnesses, or, if it is the purpose of the prosecution to offer evidence of an incriminatory statement or admission or confession by this defendant, the examination should be so ordered and confined in respect of the interrogation of the witnesses as to develop what this defendant said; the expressions from Charley or Edwards, or both, or others participating in that part of the interview, being only admissible, on this particular phase of the evidential theory, in the event this defendant's statement would not be clear without the immediately relevant statements of Charley, Edwards, or others participating in that part of the interview or conversation. A general recital of what was said by Edwards, Charley, and others on the occasions indicated is too likely to introduce improper matter prejudicial to this defendant to justify speculation in the premises.

[4, 5] During an interview that phases of the evidence tended to show was participated in by this defendant, Edwards, Charley, the solicitor and perhaps others, the solicitor took notes of the statements made by Edwards, Charley, and this defendant, and had these notes transcribed into separate statements by this defendant, Edwards, and Charley; the evidence tending further to show that, after reading or hearing their reading, they signed their respective statements thus reproduced. There was denial, among other things, by this defendant of the correctness of the statements signed by him. Over proper, seasonable objection by counsel for this defendant, the court permitted the prosecution to introduce in evidence, in chief, the thus written, signed statements of Edwards and Charley, neither of whom was examined as a witness on the trial of this defendant. These written, signed statements contained matter highly incriminatory of this defendant. This was error. These written statements of Edwards and Charley were not admissible for any purpose against this defendant. Their presence as evidence in the case could not have been otherwise than gravely prejudicial. One illegal effect of their admission was to set up their subject-matter as original evidence against the

defendant in a form that precluded the cross-examination of the men making the statements. The misconception underlying the erroneous admission of the written statements signed by Edwards and Charley also led to prejudicial error in that part of the instruction of the jury whereby they were advised that any particular (not general) relevant statements made by coconspirators, if so found, relative to the matter charged in the indictment, were competent evidence against this defendant, if such statements were made in the presence and hearing of the other coconspirators at the same time. For the quite limited purposes before stated, some of the statements may have been admissible in the contingencies indicated; but they were not admissible under the general theory of conspiracy, after the accomplishment of the conspiracy, to establish the guilt of this defendant. It is insisted in brief for the state that, since the bill of exceptions does not purport to contain all or substantially all of the evidence introduced on the trial, any state of the evidence should be presumed, on appeal, that would justify the action of the court in these particulars. That rule has no application or recourse where there has been an erroneous reception of inherently wholly incompetent evidence, to the prejudice of an appellant.

[6] After the state had, over the defendant's objection, offered in evidence the written statement of Edwards, the defendant called Solicitor Chamberlain as his witness and propounded to him this question: "Mr. Chamberlain, Socks [Edwards] has denied, after making that statement, having anything to do with it, hasn't he, under oath?" The state's objection to this question was sustained. Later on the court stated that it regarded the question as proper and ordered the witness "to resume the stand." Solicitor Chamberlain then stated: "I introduced the statement of one Edwards or Socks; since that statement was made, Socks had denied the whole thing; that he made in that statement on the day he was tried." Over the defendant's seasonable objection, the solicitor was allowed to detail a conversation that took place at the jail between him and Edwards (Socks), on which occasion the defendant was not present, and to recite that Edwards said that Delaney, this defendant, did the shooting. The defendant moved to exclude this recital of the witness, and the court overruled the motion; the defendant reserving an exception. This was error. Everage v. State, supra.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur, except that Justices SAYRE, SOMERVILLE, and GARDNER limit their concurrence to the ruling with respect to the testimony of Solicitor Chamberlain and the statement in the oral charge of the court. In dissent, they entertain the opinion that only parts of those written statements were inadmissible, the objection being directed at each of these statements as a unit, and therefore they would not reverse on that account.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes