ADAM PARRAMORE AND ANNIE BROOKS, *Plaintiffs in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed April 25, 1921.

1.  A motion to quash an indictment should be evidenced to the
    appellate court by the record proper, and not the bill of ex-
    ceptions, and if not so evidenced will not be considered.

2.  An indictment against a negro woman and white man for
    violating the provisions of Section 3533, General Statutes,
    1906, prohibiting such persons of opposite sexes from habit-
    ually living in and occupying the same room 'in the night
    time, charges a continuing offense, although the allegation
    was that on a certain day the man and woman habitually
    lived in and occupied the same room in the night time.

3.  Where a negro woman and white man are charged with the
    offense of habitually living in and occupying the same room
    in the night time, it is necessary for the State to prove that
    the habit of so living together had been formed by them and
    was practiced within two years preceding the date alleged
    in the indictment.

4.  Where a continuing offense is charged in an indictment, evi-
    dence of acts and conduct of the defendant which occurred
    more than two years before the date alleged in the indict-
    ment are admissible to show the formation of a habit con-
    tinuing into the period in which the statute does not bar
    the prosecution.

A Writ of Error to the Circuit Court for Jackson Coun-
ty; C. L. Wilson, Judge.

Judgment affirmed.

*James H. Finch, Thos. E. Walker* and *Paul Carter,* for
Plaintiffs in Error;

*Rivers H. Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

ELLIS, J.—The plaintiffs in error were indicted for an alleged violation of Section 3533 of the General Statutes of Florida, 1906, prohibiting a white man and negro woman, or white woman and negro man from habitually living in and occupying the same room in the night time. The indictment charged that "Adam Parramore and one Annie Brooks of the County of Jackson and the State of Florida, on the 5th day of July in the year of our Lord, One Thousand Nine Hundred and Twenty in the County and State aforesaid, he, the said Adam Parramore then and there being a white man, and she the said Annie Brooks then and there being a negro woman, and not married to each other, did then and there unlawfully habitually live in and occupy in the night time the same room." The defendants pleaded not guilty. There was a verdict of guilty, and to the judgment of the court they took a writ of error.

The first assignment of error attacks the court's ruling in denying the motion to quash the indictment. The motion is not evidenced by the record proper, and the assignment will not be considered. See Raines v. State, 42 Fla. 141, 28 South. Rep. 57; Hearn v. State, 43 Fla. 151, 29 South. Rep. 433; Olds v. State, 44 Fla. 452, 33 South. Rep. 296; Houston v. State, 50 Fla. 90, 39 South. Rep. 468; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Tipton v. State, 53 Fla. 69, 43 South. Rep. 684; Bell v. State, 61 Fla. 6, 54 South. Rep. 799.

The second, third and fourth asignments of error attack the verdict as being unsupported by the evidence. The evidence is sufficient to support the verdict. While there

is little or no direct evidence of the two defendants occupying the same room at night, the circumstantial evidence was quite sufficient to support that conclusion. According to the witnesses the house has two rooms and a shed room. The north room contains two beds and was occupied by the defendants who were not married to each other. The south room contains two beds and was occupied by Annie's mother, an old woman who sleeps in one of the beds. The defendants kept their clothes in the north room and several witnesses testified that they had visited the house in the day time and saw Annie in one of the beds sick; at other times when they visited the house they saw Adam occupying the other bed. A narrow passage way separates the house from two other rooms, one of which is the dining room and the other the kitchen. Witnesses testified that the two defendants had occupied the north room together for many years. One witness testified that the defendants slept together; another said that about six years before he went to the house early and called. Annie came to the door in her night clothes and Adam was in bed. There was only one room to the house then. Other witnesses testified to the habitual use of the room by the two defendants through a period of many years up to the present time.

The point is raised by several assignments of error that the testimony of witnesses who testified to the fact tending to show that the defendants lived in the same room together should have been excluded because much of the testimony related to a time long prior to the finding of the indictment, more than two years prior thereto, and as such living together prior to two years before the finding of the indictment if an offence was barred by the statute the evidence should have been excluded.

The purpose of such evidence was not to convict the defendants of a substantive offense anterior to the two years before the date alleged in the indictment, but as tending to illustrate or explain their conduct at the time alleged in the indictment.

The indictment charged that upon the day named the defendants were guilty of habitually living in and occupying the same room in the night time. In its nature the offense was a continuing one. The indictment merely stated a condition of life existing on that day as to the two people involved. To prove the allegation it was of course necessary to show that prior to the date alleged in the indictment the habit had been formed and was practiced by the two people within the two years preceding the date alleged in the indictment. See Brevaldo v. State, 21 Fla. 789; Lyman v. People, 198 Ill. 544, 64 N. E. Rep. 974.

There was no error in permitting counsel for the State to ask the witness, Clarence Brown, if it was not reputed that Everett Parramore was his father. There was an objection to the question, but the witness answered it both ways, no and yes. The first time he denied it; the second time the question was put he admitted it. It was indicated by the question that Everett Parramore was brother to the defendant. He said that Annie Brooks was sister to his mother. The question could not be said to have unnecessarily humiliated him to the point of injuring the cause of the defendants when he admitted that he was the reputed son of the brother to one of the defendants and that his mother was sister to the other.

The court charged the jury as follows: "I charge you further that while you cannot base a verdict of conviction upon acts which may be shown to have occurred more

than two years before the finding of the indictment, if such acts are proven, but such acts, if proven, may be valuable to you in arriving at a decision as to whether or not similar acts also occurred within the limit of two years before the finding of the indictment; and if such facts are proved, showing the defendants may have been guilty of habitually living in and occupying the same room in the night time, before the two years limit, you may consider such evidence in arriving at the truth as to whether or not defendants have been guilty within the two year limit." The giving of this charge is assigned as error. This charge, as we have shown above, correctly states the law and was not erroneous.

We have found no error in the record, so the judgment is affirmed.

Browne, C. J., and Taylor, Whitfield and West, J. J., concur.