HOMER E. WHITFIELD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed January 26, 1923.

1. An indictment charging the offense of unlawfully and feloniously living together in an open state of adultery on a single day is sufficient. It is not necessary to allege the offense with a continuendo.

2. Except as to marital communications, husband and wife are by statute in this state made competent and compellable witnesses for and against each other in both civil and criminal cases.

3. Upon a prosecution for living together in an open state of adultery the precise date laid in the indictment as to the time of the commission of the offense need not be proved, and there will be no variance if another date be proved, provided it be prior to the finding of the indictment and within the statute of limitations.

4. Where there is a general exception to a refusal to give several requested charges the ruling will not be held erroneous if a single one of such charges was properly refused.

5. It is not error to refuse to give charges requested which have already been substantially given.

6. The evidence examined and found to be sufficient to sustain the verdict.

A Writ or Error to the Circuit Court for Lake County; C. O. Andrews, Judge.

Affirmed.

*Koonce & Hall,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—The defendant, Homer E. Whitfield, alias W. H. Jackson, plaintiff in error, was jointly indicted with Edna Tompkins upon a charge of unlawfully and feloniously living together in an open state of adultery. Upon motion of the state attorney there was an order of severance, after which plaintiff in error was tried and found guilty as charged. Writ of error was taken to review the judgment imposing the sentence upon him.

Before entering his plea defendant moved to quash the indictment. The alleged legal insufficiency is that the indictment charges the offense to have been committed ''on the 1st day of August,'' 1920, and does not allege that it continued from day to day for a longer time than one day or until some other given date. The motion was denied and this ruling is assigned as error.

The contention upon this assignment is that the offense alleged is of such a nature that it cannot be committed upon a single day, the theory being that the alleged living together, in order to constitute the crime denounced by the statute, must extend over a period of more than one day, that the indictment must so allege, and if not, it is defective and amenable to a motion to quash if seasonably made. The same question is presented by the motion in arrest of judgment. The authorities are to the effect that the offense alleged in the indictment may be committed in a single day, and that ''since its complete perpetration in a single day is legally possible, it may equally well be charged as on one day, and the proof may be of acts done on any number of days.'' There was, therefore, no error in the rulings denying the motion to quash and the mo-

tion in arrest of judgment. Bishop on Stat. Crimes, 3 ed., Sections 697, 703; Bishop's Directions and Forms, Sections 81, 152; Bishop's New Crim. Proc. Section 397; State v. Glaze, 9 Ala. 283; Hall v. State, 53 Ala. 463; Walker v. State, 104 Ala. 56, 16 South. Rep. 7; State v. Briggs, 68 Ia. 416, 27 N. W. Rep. 358; Cook v. State, 11 Ga. 53, 56 Am. Dec. 410, note; Spencer v. State (Okla.) 169 Pac. Rep. 270, L. R. A. 1918F, 592.

Defendant's wife was called as a witness for the State. Before she was examined defendant's counsel announced that he was authorized by the witness to claim for her the asserted privilege to decline to testify against her husband, the defendant, and upon that ground he objected to the witness testifying in the case. This objection was overruled and the witness was required to testify. Being examined, she testified that she was the wife of defendant, that she was married to him upon a date long anterior to the time when the offense charged in the indictment was alleged to have been committed, and that the marriage relation and cohabitation had continued unbroken to the time of the trial. Her examination was limited to an inquiry upon this point. It was not sought to have the witness disclose anything in the nature of marital communications between herself and her husband, the defendant. If the defendant was her husband the allegation in the indictment that he was not married to his alleged *particeps criminis* at the time the offense alleged was committed was proved. It was a very direct way of proving an essential fact and there was no impropriety in the ruling admitting it to be proved in that way. Secs. 2706, 6018, Rev. Gen. Stat. of Florida; Ex parte Beville, 58 Fla. 170, 50 South. Rep. 685; Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220.

During the trial a number of witnesses on behalf of the State were permitted to testify over objections of defen-

dant that the parties charged in the indictment lived to-
gether in the manner alleged on other days and at different
times from the date stated in the indictment. It is urged
that there was error in the trial court's rulings admitting
this evidence. The contention is that the State should
have been limited in its proof to the date alleged in the
indictment. It appears from the record that the acts tes-
tified about were prior to the finding of the indictment and
within the statutory period of two years. This court has
recently held to the contrary of the contention made upon
this feature of the case. In Parramore v. State, 81 Fla.
621, 88 South. Rep. 472, the court said: ''The indictment
charged that upon the day named the defendants were
guilty of habitually living in and occupying the same room
in the night time. In its nature the offense was a continu-
ing one. The indictment merely stated a condition of life
existing on that day as to the two people involved. To
prove the allegation it was of course necessary to show
that prior to the date alleged in the indictment the habit
had been formed and was practiced by the two people
within the two years preceding the date alleged in the in-
dictment.'' The rulings complained of are in accord with
this authority. There was, therefore, no error in receiving
in evidence this proof.

There are assignments of error predicated upon the trial
court's refusal to give certain requested instructions to the
jury and in modifying other instructions, before giving
them as requested, to the jury.

The first requested instruction was given without modi-
fication. The second, third and sixth were refused. To
the refusal to give these there was a general exception.
The second is clearly bad in that it sought to restrict the
State in its proof, in order to sustain a conviction, to the

date named in the indictment. . The fallacy of this theory has been pointed out. Under the rule that where there is a general exception to a refusal to give several requested charges the ruling will not be held erroneous if a single charge was properly refused, this assignment cannot .be sustained. Hobbs v. State, 83 Fla. 480, 91 South Rep. 555; Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462; Griffin v. State, 48 Fla. 42, 37 South. Rep. 209; Gass v. State, 44 Fla. 70, 32 South. Rep. 109; King v. State, 43 Fla. 211, 31 South. Rep. 254.

The modification of the fourth simply eliminated a statement of the case which was contained in the general charge. It was therefore immaterial. The same is true with respect to the first sentences stricken from the fifth and eighth. Other portions stricken from the fifth and the stricken portions of the seventh are covered by the general charge. There was, therefore, under the rule that it is not error to refuse to give charges already substantially given, no error in so modifying the charges requested as to prevent repetition of the same charge. Witt v. State, 80 Fla. 38, 85 South. Rep. 249; Blackwell v. State, 79 Fla. 709, 86 South. Rep. 224; Dixon v. State, 79 Fla. 586, 84 South Rep. 541; Lockhart v. State, 79 Fla. 824, 85 South. Rep. 153; Hall v. State, 78 Fla. 420, 83 South. Rep. 513. The last sentence eliminated from the eighth is clearly improper. None of the assignments based upon the rulings refusing to give instructions are sustained.

The order denying the motion for new trial presents the question of the sufficiency of the evidence to sustain the verdict. A recital of the evidence would be of no benefit. It is considered sufficient to support the verdict and there is nothing in the record to indicate that the jury were in-

fluenced by anything outside the evidence. The judgment will be affirmed.

Affirmed.

TAYLOR, C. J., AND WHITFIELD AND ELLIS, J. J., concur.

BROWNE, J.—Dissenting.

The indictment in this case limited the period during which the offense was committed to one day; "the first day of August." The pleader could have charged that the offense was committed between certain dates, but he saw fit to limit the period to one day. Under the rule laid down in the case of Brevaldo v. State, 21 Fla. 789, and affirmed in Woodson v. State, 62 Fla. 106, 57 South. Rep. 174, the testimony as to acts anterior or subsequent to such time was inadmissible to convict the defendant of a substantive offense outside of the period charged in the indictment.

This question is fully discussed in the Brevaldo case where Mr. Justice Raney, speaking for the court said: "We have found no decision or text book (outside of Mr. Bishop's) sustaining the doctrine that where the charge is laid as in the case at bar that it can be maintained by proof of a substantive offense outside of the period limited, or that proof of any acts outside of the period is admissible except for the auxiliary purposes indicated in the foregoing opinion."

In Woodson v. State, *supra*, this court said: "There was no evidence of a living in an open state of adutlery within the limited period charged, and the single act of intercourse between the defendant and Mrs. English, testified to by one witness, anterior to such time, is not admissible

to convict of a substantive offence committed between such periods.''

Where an act of sexual intercourse is proven within the period laid in the indictment, and the other essential elements of the offence are established, testimony of acts anterior and subsequent to the time limited in the indictment is ''admissible in evidence, as tending to illustrate or explain similar acts within the period alleged in the indictment; or corroborate testimony of such latter acts, but not to convict of a substantive offense committed anterior to such period.'' Brevaldo v. State, *supra*.

The pleader may lay the time during which the offense was committed as extending over a month, a week, a few days or even one day, but under the decisions of this court the testimony of the offense of which he could be convicted, must be confined to that period, and no conviction could be had for acts committed at any time other than within the time charged in the indictment. In the instant case the pleader limited the time from sun to sun, or perhaps for 24 hours. He failed to prove any act committed within that time or any acts prior thereto. The earliest time testified to is ''about the middle of August.''

The case of Parramore v. State, 81 Fla. 621, 88 South. Rep. 472, is not authority for the decision in this case. In that case the defendants were convicted of violation of the statute against miscegenation, prohibiting a white man and a negro woman, or a white woman and a negro man from habitually living in and occupying in the night time the same room. The court said: ''The indictment merely stated a condition of life existing *on that day* as to the two people involved. To prove the allegation it was of course necessary to show that perior to the date alleged in the indictment the habit had been formed and was practiced

by the two people within two years preceeding the date alleged in the indictment.''

There is a wide difference between the proposition thus announced, and the doctrine of the instant case, which is that upon the failure of the State to prove the commission of the offense ''within the limited period charged'' in the indictment, that the accused may be convicted upon testimony of a substantive offense committed subsequent to the period laid in the indictment. This overrules the doctrine of the Brevaldo and the Woodson cases *supra,* and I therefore dissent.

I dissent also from that part of the opinion that says that this is an offense that is legally possible to be committed in one day. Some authorities are cited in support of this new doctrine for Florida, but they are in conflict with the Florida decisions on our statute. Brevaldo v. State, 21 Fla. 789; Woodson v. State, 62 Fla. 106, 57 South. Rep. 174; Luster v. State, 23 Fla. 339, 2 South. Rep. 690; Grice v. State, 75 Fla. 751, 78 South. Rep. 984.