## THE STATE v. HINTON AND WATSON.

1. The crime of adultery consists in the illicit intercourse of two persons of different sexes, one of whom at least is married, and includes the crime of fornication. Upon an indictment for adultery, therefore, it is not necessary to allege that either of the offending parties were married. The term "adultery" implies the offence without the allegation of any other fact.

Error to the Circuit Court of Dallas.

Novel and difficult questions.

The defendants were indicted for living together in adultery and fornication. The first count charges that the defendants "lived together in adultery;" the second, "that they lived together in fornication."

The jury having found the defendants guilty, they moved in arrest of judgment, because the charge in the indictment was too general, and because the finding was general on both counts, for distinct offences. The court overruled the motion, but referred the questions of law arising thereon for the consideration of this court, as novel and difficult.

THE ATTORNEY GENERAL, for the State—cited Arch. C. Pl. 61; 4 Porter, 186; 5 id. 33; 8 Wend. 211; Bouv. Law Dic. 2 Dall. 124; 1 Yeates, 6; 5 Rand. 634; 2 Bailey, 149.

G. W. GAYLE, *contra*—cited 4 Pick. 500; 4 Porter, 397; 3 Stewart, 123.

ORMOND, J.—The objection taken to the first count of the indictment is, that it should have been alleged that one of the offending parties at least, was married. We do not think it was necessary. The crime of adultery consists in the illicit commerce of two persons of different sexes, one of whom at least, is married, and includes the crime of fornication. The term itself imports the offence without the allegation of any other fact.— The indictment was therefore sufficient.

The finding of the jury on both counts, cannot possibly prejudice the defendants, as the offence charged in the second count is included in the first. Let the judgment be affirmed.