THE STATE v. GLAZE.

1. An indictment for adultery is good, although the offence is not laid with a *continuendo*.
2. If one of the persons charged with this offence is known by the name charged in the indictment, the other is not entitled to an acquittal by showing that is not the true name.
3. Although the act of 1807, authorizing the judge to respite the sentence, when he reserves questions as novel and difficult, may yet be in force, it is now proper to render the judgment in conformity with the 1st section, 13th chapter, Penal Code.

Questions referred as novel and difficult, by the Circuit Court of Tuskaloosa.

THE defendant, Glaze, was indicted at the fall term, 1843, for living in adultery with one Cynthia Gage. The charge in the indictment is, " that Thomas Glaze and Cynthia Gage, late of the county aforesaid, on the 10th day of September, 1843, in the county aforesaid, did live together in adultery."

At the trial, the defendant, Glaze, only, being on trial, he moved to quash the indictment, which motion was overruled. He then pleaded not guilty, and in the course of the trial, amongst other matters, the State proved, that the person named in the indictment was generally called Mrs. Gage; one witness stated the name was Cynthia, but two said it

was Sarah Ann. , The defendant asked the court to instruct the jury, that unless the State proved the name of the female, to be as laid in the indictment, they must find the defendant not guilty. The court refused this, and charged the jury, that if the woman was sometimes called, and known by the name of Cynthia, although her real name was Sarah Ann, this was sufficient, if the charge was proved to their satisfaction. This question was reserved by the presiding Judge as novel, &c.

P. MARTIN and B. W. HUNTINGTON, for the defendant, insisted—

. 1. The indictment is defective in not being laid with a *continuendo*. [Archbold C. P. 27.]

2. If the true name of the female is 'Sarah Ann, instead of Cynthia, there is a variance between the proof and the allegation. Archbold C. P. 30, 31; 2 Hawk. c. 25, § 71, 72; 2 East P. C. 651, 781.]

ATTORNEY GENERAL, contra, argued—

1. When several are indicted together, none but the party misnamed can plead, or otherwise take advantage of the misnomer. [1 Chit. C. L. 215, and cases there cited.]

2. But if the misnomer could avoid the indictment, the proof repelled the idea, for no criminal would be convicted, if more names than one would avoid an indictment. If the female had pleaded a misnomer, the proof that she was known by the name used in the pleading, would hold her. [2 Hale P. C. 177; 2 Term, 291; Hawk. 132, c. 25, § 72; 1 Overton, 434; 2 Hale, 990.]

3. The indictment is sufficient, without a *continuendo*. [The State v. Hinton, 6 Ala. Rep. 864.]

GOLDTHWAITE, J.—1. This case requires but the citation of other adjudications to dispose of it. If the correctness of the indictment was a question referred, which seems not to have been done, the decision made in Hinton's case, 6 Ala. Rep. 864, is conclusive. We there held, that the term *adultery*, was the illicit commerce of two persons of different sex, one of those being married to another person. Our sta-

Jennings & Graham v. The Admr's of Jenkins, et al.

tute uses the terms "who shall live together in adultery," but we see no reason to suppose they could avoid a conviction for this specific offence, if the connection had only existed for one day. The living together in this condition is a question of fact for the jury, and it is evident the offence is complete whenever the facts are demonstated.

2. The only object in stating the names, either of an injured party, or of those connected with the offence committed, is to enable the jury to identify the crime, or person; and it is said to be a sufficient description, if it be impossible to mistake the one described for another. [Chitty C. L. 215.]

In the case at bar, it was material only to ascertain if the crime charged, was committed by the persons named, and this being established, it was unimportant that the one or the other was sometimes known by some other name, if, in point of fact, the one used in the indictment was ever recognized, or applied to the party.

There is no error in any aspect of the case, and the judgment of the court is therefore affirmed.