## COLLINS v. THE STATE.

1. A married man, who visits, and remains with his paramour, one night in every week, for seven months, at her residence, a half mile from his own house, is guilty of the offence of living in adultery, within the meaning of the statute.

Writ of Error to the Circuit Court of Barbour. Before the Hon. J. D. Phelan.

THE plaintiff in error was indicted, for living in adultery, with one Polly Williams. From the evidence it appeared, that the defendant had a wife at home. That at least one

night in every week he visited the house of Polly Williams, which was a half mile from his own residence, and slept with her all night, and that this was continued for about seven months. The court charged, that if the evidence was believed, and the parties cohabited together, it was a living together in adultery. To this he excepted, and now assigns it as error.

F. S. JACKSON, for the plaintiff in error.

The misdemeanor created by the statute of the state, (see Clay's Dig. 431, § 3,) of the living together of any man and woman in adultery, is materially different from the mere offence of adultery or fornication, and is punished in a different way. The meeting together of parties unmarried to each other, at one or more times and places, and cohabiting, would complete the offence of fornication or adultery, as the party were or were not married persons. But to create the offence created by the legislature, the parties must live or dwell together—continue or reside with each other as man and wife.

ATTORNEY GENERAL, for the State.

There was no error in the charge of the court. Although the statute uses the words "living in adultery," yet the offence is complete if the connection existed for one day only. State v. Glaze, 9 Ala. 283.

COLLIER, C. J.—The third section of the sixth chapter of the penal code enacts, that "if any man and woman shall live together in adultery or fornication, each of them shall be deemed guilty of a misdemeanor, and shall, upon the first conviction, be fined," &c. Clay's Dig. 431. Under this enactment it has been strongly intimated, that if the adulterous connection existed but for a single day, the parties might be convicted of the offence of thus living together. The State v. Glaze, 9 Ala. Rep. 283. The statute of Indiana employs the terms *living together in open and notorious adultery;* it has been held that an occasional illicit intercourse does

77

not constitute the offence.   Wright v. The State, 5 Blackf.
R. 358.   In North Carolina the offence is characterized by
the words *unlawful bedding and cohabiting together* of a
male and female, and it has been decided that a conviction
is authorized by showing an habitual surrender of the person
of the one to the sensual gratification of the other.   The State
v. Jolly and another, 3 Dev. & Bat. L. Rep. 110. .

In the case at bar, the supposed paramour of the defend-
ant lived but a half mile from his family residence, he visit-
ed and remained with her all of one night every week, for
seven months, and sometimes oftener.   This we think is
quite sufficient to make out *a living together*, within the
meaning of the statute.   It is not an indispensable ele-
ment in the offence, that he should have abandoned his
own home and taken up his abode with the adultress, or
that he should have taken her to his own house, made her
supreme in his affections, and excluded his wife from the
conjugal bed.   The sleeping under the same roof, and in
the same bed at stated nights, must be regarded as *a living to-
gether*, within the language and intention of the statute.   Such
a course of conduct, persevered in for such a length of time,
must become open and notorious, and so far as the outrage
upon decency and morality is concerned, can be little less
objectionable than making her the partner of his own *bed
and board.*

If the offence charged had been an occasional act of crim-
inal intimacy, it would be punishable only *in foro conscien-
tiae*—municipal justice could not reach it.   But the evidence
of guilt went far beyond this, and we have seen, sustains the
verdict.   The judgment of the circuit court of Barbour is
consequetly affirmed.