## Hall *et al. v.* The State.

*Indictment for living in Adultery, &c.*

1. *"Living in adultery,"* &c.; *construed.*—It is a state or condition of cohabitation, as distinguished from a single or occasional criminal act, against which the statute against "living together in adultery or fornication" is leveled. If parties for a single day live together in adultery, intending a continuance of the connection, the offense is complete, although the connection may be broken off by prosecution, or fear of it, or other cause.

2. *Same; province of jury as to.*—It is the province of the jury, in view of all the facts and circumstances of the case, to determine whether there was a *living together*, or a mere single act of illicit intercourse—a cohabitation, looking to the intent of the parties, or a mere adulterous intimacy, without any purpose of its continuance.

3. *Sentence; when sufficiently certain.*—A judgment of conviction requiring the defendant, on default of payment of fine, &c., to be put to hard labor for the county for a specified period, and "for such additional time as may be necessary to pay the costs and officers' fees in the case, at a rate not exceeding forty cents per day," no objection being raised below, is sufficiently formal and definite.

APPEAL from Circuit Court of Crenshaw.

Tried before Hon. JOHN K. HENRY.

The appellants, Hall and Parmer, were indicted for "living together in a state of adultery or fornication."

The testimony on the part of the State went to show that the defendant, Hall, was seen in bed with the female defendant, Parmer, on three different occasions, and that he had confessed "that he had had illicit intercourse with her." Where Hall lived was not shown. When arrested, he was found in Parmer's house, which consisted of but one room. "He was on a pallet, and she was up, when the arrest was made." The defense offered several witnesses, who had known the parties for some time before the finding of the indictment and during the period covered by it; and they testified that during that period, they had never seen an improper act or undue familiarity between them.

The court charged the jury, among other things, that "before they could find the defendants guilty, they must be sat-

[Hall v. The State.]

isfied from the evidence that they did live in adultery as charged in the indictment; but that if all the allegations of the indictment were established by the proof, beyond a reasonable doubt, they might convict the defendants, although the living in adultery was only continued for a single day." The bill of exceptions states that to the last part of said charge, defendants excepted.

The defendants then requested the court to charge the jury, that "they must be satisfied beyond a reasonable doubt, and to a moral certainty, that the defendants did live in adultery or fornication. The simple facts of the defendants being seen lying together, and at another time seen going to bed as many times as three, and defendant Hall's admissions that he had sexual intercourse with the other defendant—these acts of themselves are not sufficient to find the defendants guilty; they must live together in adultery or fornication." The court refused to give this charge, and defendants excepted.

The jury found the defendants guilty, and assessed a fine of one hundred dollars against each of them.

The judgment entry, after reciting the trial and verdict, &c., concludes: "And the defendant, William Hall, not having confessed judgment, is sentenced to perform hard labor for the county for thirty days, and is sentenced by the court, as additional punishment, by confinement at hard labor for the county for three months, and for such additional time as may be necessary to pay costs in this case, and the officers' fees, at such rate as the commissioners' court may fix for said labor, at not exceeding forty cents per day. And defendant, Lucinda Parmer, is sentenced to thirty days imprisonment in the county jail."

JOHN D. GARDNER, for appellants.—The charge given by the court does not comply with the spirit of the statute. There can be no "living together" to the detriment of good morals or scandal to the community in staying together but for a single day. The same reason required the court to give the charge asked. The court had no power to impose additional hard labor for costs beyond the thirty days fixed by section 3760 of the Revised Code.

JOHN W. A. SANFORD, Att'y Gen., contra.—The charge given asserted a correct legal proposition. Collins v. State, 14 Ala. 608. Under that decision the charge requested was properly refused. No objection was taken to the sentence in the court below.

[Neal *v.* The State.]

BRICKELL, C. J.—The charge of the court was doubtless induced by the expressions found in *State* v. *Glaze*, 9 Ala. 283, which are repeated in *Collins* v. *State*, 14 Ala. 608. These expressions are, that the statute punished persons "who live together in adultery or fornication," "but there is no reason to suppose the offense may not be committed, if the connection should exist but for a single day. The living together criminally is a fact to be ascertained by the jury, and the offense is complete whenever the fact is demonstrated." It may be neither case necessarily called for these expressions, but we think they are correct. It is obvious the statute does not intend to punish a single or occasional acts of criminal intercourse. It is a state or condition of cohabitation, as distinguished from a single or occasional acts, that it was intended to reach, designed by the parties as continuous, so long as they chose. This state or condition may well be assumed by them in a single day, if such is their purpose, as any other state or condition may be so assumed. If for a single day they live together in adultery, intending a continuance of the connection, the offense is complete, though it may be interrupted or broken off by a prosecution, or the fear of prosecution, or from any other cause. The true inquiry is, and one a jury will scarcely err in determining correctly, when the circumstances are in evidence, was it a *living together*, or a mere single act of illicit intercourse ; was it cohabitation, looking to the intent of the parties, or a mere adulterous intimacy without any purpose of its continuance?

The charge requested, if given, would have invaded the province of the jury, on whom was the duty of drawing the legitimate inference from the specific facts embodied in the charge. The judgment and sentence are in conformity to the statute, R. C., section 3760, and must be affirmed.

