# Bodiford *v.* The State.

*Indictment for Living in Adultery or Fornication.*

1. *Constituents of offense.*—To a authorize conviction for living in adultery or fornication (Code, § 4012), there must be proof of more than one, or an occasional act of adulterous intercourse; but, when there is proof of more than one act, in connection with circumstances indicating a consentive or pre-arranged continuation of the illicit intercourse, the sufficiency of the evidence is a question for the jury.

FROM the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment in this case charged that William Bodiford and Fanny Caldwell did live together in a state of adultery or fornication. On the trial of said Bodiford, he reserved exceptions to each of the following charges, which were given by the court to the jury: (1.) "Occasional acts of adultery between parties does not make out the offense of adultery within the meaning of the law; but, if there had been an act of adulterous intercourse between

[Bodiford v. The State.]

them, and there was a state or condition of their minds, to the effect that, when opportunity offered, the act would be repeated, and afterwards, in pursuance of such condition of their minds, they repeated the act occasionally ; then the defendant would be guilty." (2.) If the defendant, within twelve months before the finding of the indictment, and in this county, had sexual intercourse with Fanny Caldwell, and their minds assented or consented together that they would repeat the intercourse when opportunity offered ; then the defendant is guilty as charged—this state or condition makes a living in adultery." (3.) "The jury can look to any evidence of the conduct of the defendant and Fanny Caldwell, showing that they had sexual intercourse, or lived together in adultery, in 1885, or 1886, to explain their conduct during the time covered by the indictment—namely, from September 29th, 1886, to September 29th, 1887."

J. D. GARDNER, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—To constitute a living in adultery, within the statute—Code of 1886, § 4012—a single, or occasional act, without more, is not sufficient. There must be continuation, or an agreement for continuation, coupled with one or more acts, before it can be affirmed that the relation is established. It is a crime of darkness and secrecy, and hence always difficult of direct proof. On this account it is held, that when acts and complicating circumstances are proved, it becomes largely a question for the jury to determine, whether there was in fact such continuation as amounted to a living together, or, what is equivalent to it, a mutual guilty consent, express or implied, for such continuation. And the parties need not occupy the same dwelling, if there was a mutual expectation and understanding that the relation was to be kept up, or if in fact it was kept up, so as to satisfy the jury beyond a reasonable doubt (or, its equivalent, to a moral certainty) that there must have been such understanding.

As the antithesis of this, however, a single act, or occasional acts, not indicating a consentive, or pre-arranged continuation of the illicit conduct, would not be a living together within the meaning of the statute.—*Collins v. State*, 14 Ala. 608 ; *Quartemas v. State*, 48 Ala. 269 ; *Hall v. State*,

53 Ala. 463 ; Clark's Manual, § 1546 ; *State v. Crowley,*
13 Ala. 172.

The proof of adulterous cohabitation within twelve months
before the indictment was found, was not very full ; but,
considered in connection with their proven previous conduct,
it was sufficient to authorize its submission to the jury.

There was a separate exception reserved to three charges
given at the instance of the State. The Circuit Court, in
each of these rulings, stated the law correctly, as we have
declared it above.

Affirmed.