# Rich *v.* The State.

*Adultery.*

(Decided June 6, 1911.  55 South. 1022.)

1. *Adultery; What Constitutes.*—Adultery as used in the statutes means illicit intercourse between two persons of different sexes, one of whom is married to another person.

2. *Same; Indictment; Requisites.*—An affidavit, the basis for a warrant charging adultery, need not allege that one of the persons named was a man and the other a woman.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Paul Rich was convicted of living in adultery and he appeals. Affirmed.

WALLACE & HENDERSON, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The questions raised by the demurrers to the affidavit have been decided adversely to the appellant in *McLeod v. The State,* 35 Ala. 395. No other questions are presented.

PELHAM, J.—The defendant was tried before the judge of the county court of Shelby county, without a jury, on affidavit and warrant sworn out before a justice of the peace, on the charge of living in adultery or fornication. The affidavit upon which the warrant was issued did not aver that one of the persons named was a man and the other a woman. The defendant demurred to the affidavit and assigned the failure of the affidavit to make such an averment the ground of demurrer.

Such an averment was unnecessary, and the demurrers were properly overruled by the trial court. The term "adultery" as used in our statutes means illicit intercourse between two persons of different sex, one of whom is married to another person. The construction has been placed on the statute in question repeatedly by the Supreme Court,. and has become a settled law and fixed construction; the Legislature having readopted the statute several times since the construction given to it by the courts.—*McLeod v. State,* 35 Ala. 395; *State v. Hinton & Watson,* 6 Ala. 864; *State v. Glaze,* 9 Ala. 283. See, also, 1 Cent. Dig. Adultery, § 14.

There is no error appearing in the record, and the judgment of conviction of the court below is affirmed.

Affirmed.