# Boice *v.* The State.

## *Adultery.*

(Decided April 16th, 1914.   65 South. 83.)

1. *Adultery; Evidence; Jury Question.*—While single acts, or occasional acts, not indicating a prearranged continuation of the illicit relation, is not living in adultery, yet, where acts and complicating circumstances are proven, it is largely a question for the jury whether there is in fact such a continuation of the relation as amounts to a living together, or the equivalent thereof—a mutual guilty consent, expressed or implied, for such continuation.

2. *Same; Sufficiency.*—The evidence examined and held sufficient to sustain a conviction of adultery.

3. *Same; Elements.*—As an act or a series of acts of adulterous intercourse constitute but one offense, a series of single acts may be shown.

4. *Trial; Order of Proof; Discretion.*—It is within the discretion of the trial court to permit the solicitor to recall a witness to prove that the offense was committed within the jurisdiction of the court, although the evidence for the state had been closed.

5. *Same; Election of Offenses.*—Where the offense charged may consist of a number of acts, or a series of acts, there is no occasion for an election.

6. *Appeal and Error; Review; Matters Shown.*—Where it is sought to review the action of the court in declining to exclude the evidence and direct a verdict for the defendant the bill of exceptions should contain all of the evidence.

7. *Same; Presumptions; Omission from Record.*—Where the bill of exceptions does not purport to set out all of the evidence, every reasonable presumption will be indulged to support the court's action in refusing charges.

8. *Charges of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

Appeal from Marshall Circuit Court.

Heard before Hon. W. W. Haralson.

Dick Boice, alias, etc., was convicted of living in adultery, and he appeals.   Affirmed.

John A. Lusk & Son, for appellant.   The facts failed to show a living together in such a sense as to constitute

adultery.—1 Mayfield, 21.   The court erred in refusing charge F.—*Hall v. The State,* 88 Ala. 236; 3 Wharton, 2239.   Charge G should have been given.—1 May., 21.

ROBÉRT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  The court properly refused charge B requested by defendant.—*Wright v. The State,* 108 Ala. 60; *Smith v. The State,* 86 Ala. 77.   There was evidence tending to show guilt and the affirmative charge could not have been properly given.—*Wright v. The State, supra; Hargrove v. The State,* 147 Ala. 97; *Davis v. The State,* 152 Ala. 82; *Bodifield v. The State,* 5 South. 559; *Hall v. The State,* 53 Ala. 463; *Brown v. The State,* 18 South. 811.

PELHAM, J.—It is well settled in this state that a single act, or occasional acts, not indicating a prearranged continuation of the illicit conduct, would not be a living together within the meaning of the statute (Code, § 6221), but the nature of the offense is such that it is difficult of direct proof, and on this account it has been held that when acts and complicating circumstances are proved, it becomes largely a question for the jury to determine whether there was in fact such continuation as amounted to a living together, or the equivalent, a mutual guilty consent, express, or that can be reasonably implied from the facts proven, for such continuation.—*Bodiford v. State,* 86 Ala. 67, 5 South. 559, 11 Am. St. Rep. 20.   Considered by this established rule, the evidence in this case was ample to sustain a conviction, as there was not only evidence of circumstances tending to show the guilt of the defendant as charged in the indictment, but the direct testimony of the woman with whom the defendant was charged with living in adultery, to the effect that within the punisha-

ble period the defendant had several times had sexual intercourse with her, and that the defendant was the father of her illegitimate child. In *Walker v. State*, 104 Ala. 56, it was held to be a question for the jury under the facts and circumstances shown in that case, to say whether or not the state or condition of cohabitation existed that would be a violation of the statute, although it was not shown by any direct testimony that there had been any acts or act of sexual intercourse between the parties. To the same effect is the holding in many other cases.

The action of the court in allowing the state after closing its case to recall the witness Mary Lang, and to re-examine her as to the commission of the offense having been within the jurisdiction of the court, was a matter within the trial court's discretion, not reviewable here.—*Granison v. State*, 117 Ala. 22, 23 South. 146; *Savage v. State*, 8 Ala. App. 334, 62 South. 999.

After this witness was permitted to testify on re-examination there was certainly sufficient evidence before the court having a tendency to show that, during the punishable period, the defendant had, within the territorial jurisdiction of the court, had adulterous relations with the woman Lang; and the court was not in error in refusing to exclude the evidence and direct a verdict for the defendant on his motion. Besides, the bill of exceptions does not purport to set out all of the evidence.

There was nothing showing that the state had elected to prosecute for an offense committed outside of the jurisdiction of the court, which under the rules of law would have required such an election on the defendant's motion. When the offense charged is one in which the guilt of the accused may consist in a series of acts, but one offense has been committed, and no case for election

arises.—*McCullough v. State,* 63 Ala. 75. The act or series of acts of adulterous relation would constitute but one offense; each would not constitute a separate and distinct offense, and it was competent to show the series of acts for the purpose of showing the defendant to be guilty of the offense charged.—*Carl v. State,* 125 Ala. 89, 28 South. 505.

We have called attention to the fact that the bill of exceptions does not purport to set out all of the evidence, and under this condition of the record it is useless to enter into a discussion of the court's action in refusing the general charge and certain of the special instructions requested in writing by the defendant. The correct principles of law contained in those charges that exclude the reasonable inferences that are to be presumed in favor of the trial court, and make them available as a predicate for error when the bill of exceptions does not pretend to set out all of the evidence (*Hill v. State,* 43 Ala. 335), are fully covered by the written charges given at the instance of the defendant.

We find no reversible error in the record.

Affirmed.