# Copeland *v.* The State.

## *Adultery.*

(Decided February 9, 1915.  67 South. 623.)

1. *Adultery; Evidence.*—The evidence examined and held not suffi cient to support a conviction for living in adultery.

2. *Same.*—A conviction should not be had on a mere suspicion.

APPEAL from Pike Law and Equity Court.

Heard before Hon. T. L. BORUM.

Olin Copeland was convicted of living in a state of adultery or fornication, and he appeals. Reversed and remanded.

FOSTER & SAMFORD, for appellant. The evidence did not warrant a conviction, the special finding did not sustain the verdict and the court was in error in rendering the judgment.—*Pell City v. Casper*, 55 Ala. 214.

WM. L. MARTIN, Attorney General and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant, a man, was convicted, on an indictment charging that offense, of living in a state of adultery or fornication with a woman. The case was tried before the court without a jury, and a special finding of facts was made by the court at the request of the defendant.

The members of this court have read the special finding of facts with a view of arriving at a conclusion as to their sufficiency to support a finding of guilt, and are of the opinion that the facts so found by the court do not support the finding of guilt of the offense charged.

The special facts found by the court are as follows:

"That in the early part of the year 1913, while the defendant Olin Copeland and his wife were living together, the wife of the defendant being in bad health, and unable to look after her household affairs, the defendant Olin Copeland advertised for a white cook, and the defendant Ila Steadman answered said advertisement, and was engaged by defendant Olin Copeland to cook and assist his wife in looking after the household affairs. That during the month of March, 1913, there was some disturbance between the wife of defendant Olin Copeland and Ila Steadman, the wife of defendant Olin Cope-

land being jealous of Ila Steadman, and Ila Steadman left the home of said Olin Copeland on or about March 16, 1913, and in eight or ten days thereafter the wife of defendant Olin Copeland also left the home of her husband, Olin Copeland. That about the 18th or 20th of April, 1913, the said Ila Steadman returned to the home of defendant Olin Copeland, bringing with her a girl six or seven years of age, who she said was her niece. That some time during the spring of 1913, not long after said Ila Steadman had returned to the home of defendant Olin Copeland to live, the wife of said Olin Copeland returned to his house one night, but did not spend the night, remaining only a short while and returning the next morning, at which time the defendant Olin Copeland and his wife entered into a mutual contract of separation, and that the wife of defendant Olin Copeland has not lived with him since said separation. That from the time the defendant Ila Steadman returned to the home of defendant Olin Copeland on or about April 20, 1913, to the time of this trial, April 21, 1914, the defendants Olin Copeland and Ila Steadman have lived together in the same house, no one occupying the house with them, except said little girl, who is six or seven years of age. That the defendants Olin Copeland and Ila Steadman, and said little girl, were seen frequently riding together, sometimes in an automobile and sometimes in a buggy. That on the fourth Sunday in January, 1914, the defendant Olin Copeland was seen walking in his field with his arm around the defendant Ila Steadman, in company with said little girl. That the defendants, Olin Copeland and Ila Steadman, are strong and healthy, the defendant Ila Steadman being about the age of 35 years, and the defendant Olin Copeland being about the age of 45 years."

[Copeland v. The State.]

From this it will appear that the only improper act, or act of affection, shown to have taken place between the parties was that the defendant was on one occasion seen walking with the woman and her six year old niece, in an open field in plain view, with his arm around her waist. The other facts found show no more than the defendant's wife's feeling of jealousy on account of the woman, but no conduct of the parties furnishing a foundation for the feeling, and the status of the parties, showing nothing more than that they were of such an age and so situated that the opportunity for illicit intercourse was afforded, but no facts having any tendency, as we view them, to show that improper relations did exist between the parties.

It might, for the purpose of a better understanding of this special finding, be well to state that it is shown to be based on the evidence introduced by the state, and ignores the defendant's evidence tending to show, by several neighbors and other servants, that the woman occupied the place of a servant, a cook, and that no improper word or act had been observed to take place between the parties having any tendency to show relations of illicit sexual intercourse.

The offense for which the defendant was convicted has been referred to as a crime of darkness and secrecy difficult of direct proof, and on that account it is held that when acts of affection and complicating circumstances are proved, it becomes largely a question for the jury to determine whether the offense has been committed (*Bodiford v. State,* 86 Ala. 68, 5 South. 559, 11 Am. St. Rep. 20), but there must be facts proven that could be fairly interpreted as tending to show that the parties lived together in adultery or fornication, or their conduct must be of such a character as to indicate at least that improper sexual relations existed between them.

[Tarrant v. The State.]

We can see nothing in the finding of facts sufficiently strong and cogent to overcome that presumption of innocence of the offense charged which is guaranteed under our laws to every person prosecuted for violating the criminal laws.

Reversed and remanded.