### GARNER et al. v. STATE.   (4 Div. 911.)

(Court of Appeals of Alabama.   Oct. 7, 1924.)

1. **Criminal law** ⬠338(4, 5), 1169(1)—**Evidence concerning similar offense by others held irrelevant and prejudicial in prosecution for fornication.**

In prosecution of man and woman for living in adultery and fornication, evidence that another had been indicted for living in adultery with a sister of female defendant, and that the parties married after the indictment, was wholly irrelevant and highly prejudicial.

2. **Witnesses** ⬠370(1)—**Refusal to allow defendant to cross-examine witness as to difficulty with defendant held erroneous.**

In prosecution for living in adultery and fornication, after state's witness had testified as to his good feeling towards defendant, court erred in refusing to allow defendant to cross-examine witness relative to difficulty between witness and defendant a week before trial.

3. **Witnesses** ⬠372(1)—**Wide latitude should be allowed in cross-examination of witness.**

Wide latitude should be allowed defendant in cross-examination of a witness concerning his feelings towards defendant.

4. **Lewdness** ⬠10—**Evidence must be sufficient to convince jury of accused's guilt beyond reasonable doubt.**

Before conviction for living in adultery and fornication can be sustained, evidence must be of sufficient weight to convince jury of accused's guilt beyond reasonable doubt and to a moral certainty.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

James R. Garner and Ola Belle Sasser were convicted of living in adultery or fornication, and they appeal. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellants.

The feelings and relations of a witness toward the parties is always admissible. Gray v. State, 19 Ala. App. 550, 98 So. 818; Russell v. State, 19 Ala. App. 425, 97 So. 847; Ex parte Morrow, 210 Ala. 63, 97 So. 108. Evidence of the indictment of Paulk was inadmissible. McBride v. State, 19 Ala. App. 471, 98 So. 135; Toles v. State, 170 Ala. 100, 54 So. 511.

Harwell G. Davis, Atty. Gen., and J. Fred Johnson, Jr., Asst. Atty. Gen., for the State.

Where a witness subsequently testifies to facts sought to be elicited, the error in sustaining objection in the first instance is harmless. Butler v. State, 16 Ala. App. 236, 77 So. 72. Authorities cited by appellant are inapt.

BRICKEN, P. J. [1] Several insistencies of error are presented upon this appeal. Error was committed by the court in allowing the state to prove over the timely objection of the defendant, that one Barney Paulk had been indicted for living in adultery with the sister of Ola Belle Sasser, also in allowing the solicitor to inquire of its witness Jodie Sasser, "Do you know what became of his case?" and in declining to exclude the answer of the witness, who replied, "They married." And the further question, "After they were indicted?" Answer: "Yes, sir." This line of inquiry was wholly irrelevant to any issue involved upon the trial of this case. That it was highly prejudicial to the substantial rights of these defendants is without question, and the rulings of the court in this connection, all of which are properly presented, must of necessity cause a reversal of the judgment appealed from.

[2, 3] There was also error in the rulings of the court upon the cross-examination of state witness Homer Andrews. This witness had testified, "At the present state of my feelings toward Mr. Garner (defendant) is very well," and, further: "I say at present that my feelings toward Mr. Garner are good." In order to test the sincerity of this witness and the truth of his statements as to his friendly feelings toward defendant Garner, the defendant propounded several questions to this witness relative to a difficulty between the witness and defendant Garner the week before this trial was had; but the court sustained the state's objections to these questions, and in such instances where the witness did answer, such answers were excluded upon motion of the state. It is an elementary rule of evidence that wide latitude should have been allowed defendant upon the cross-examination of this witness.

Russell v. State, 19 Ala. App. 425, 97 So. 848. And the court erred in thus unduly limiting the cross-examination. Ex parte Morrow, 210 Ala. 63, 97 So. 108; Byrd v. State, 17 Ala. App. 301, 84 So. 777 and cases cited.

[4] The charge contained in the indictment against these defendants is that they did live together in a state of adultery or fornication. Each of these alternatives contemplate illicit sexual intercourse between man and woman, and from its very nature can very rarely be the subject of direct proof. In most cases of this character it must of necessity be inferred from circumstances, situations, and conditions, the weight and conclusiveness of which vary according to the situation of the parties, the habits of society, and other incidental circumstances. In other words, it is seldom that this offense, in its entirety, is capable of direct proof. But before a conviction for this offense can be had or sustained, the evidence, whether direct or circumstantial, must be of sufficient weight to convince the jury of the guilt of the accused beyond a reasonable doubt and to a moral certainty. A different rule of evidence does not obtain in a prosecution of this character, and a conviction for this offense should not rest upon suspicion, guesswork, or conjecture.

In the instant case this court is not impressed with the weight of the testimony or the bona fides thereof. There was no testimony showing, or tending to show, even a single act of intimacy between the man and woman here charged. The tendency of the testimony may have been to show an opportunity upon the part of these parties to commit the crime charged, but even this evidence appears to have been adduced from witnesses each of whom manifested bias and prejudice against the accused.

Other questions are presented, but we shall not discuss them in detail. For the errors designated the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.