(115 So. 68)

BROWN et al. v. STATE. (5 Div. 673.)

Court of Appeals of Alabama. Jan. 10, 1928.

292

Pruet & Glass, of Ashland, for appellants.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. There are many questions presented by this record, upon pleading, evidence, and refused charges, but under our view of this case it will not be necessary to pass upon these questions specifically.

The defendant Rose Sayers, when called to plead, filed a plea in abatement setting up the facts that she was called before the grand jury returning the indictment against her by legal summons and forced and required to give evidence in the cause; that in response to such summons and demand she did testify as to her relations with her codefendant; that out of the investigation by the grand jury, a part of which was her testimony, the indictment in this case was returned. The state's demurrer to this plea was sustained. The indictment was returned at the July term, 1925; the cause stood for trial at that term, and was continued from term to term until the April term, 1927, when this plea was filed. The plea was filed too late. Laws v. State, 144 Ala. 118, 42 So. 40; Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am. St. Rep. 17. Moreover, it may well be questioned as to whether the remedy of defendant is by plea in abatement, or by motion to quash. That it has been used, we are aware, but, in the case of Burt v. State, 20 Ala. App. 296, 101 So. 768, this court, while passing on the merits of the plea, did not hold it to be proper; on the other hand, we have said that the proper remedy was by motion to quash. This we think is supported by the decisions.

Culbreath v. State, ante, p. 143, 113 So. 465; Joyner v. State, 78 Ala. 448; Sparrenberg v. State, 53 Ala. 481, 25 Am. Rep. 643.

■ It is insisted that the defendants were entitled to the general affirmative charge, because no specific act of sexual intercourse had been proven. To sustain a conviction for this charge, there must be proven by the state beyond a reasonable doubt, either by direct evidence, or by the facts and circumstances that will warrant the jury in reaching the conclusion that there has been at least one act of illicit sexual intercourse between the parties, with an agreement between them, either expressed or implied, to continue the relation whenever opportunity offered and they so desired. Cook v. State, 17 Ala. App. 347, 85 So. 823; Brown v. State, 108 Ala. 18, 18 So. 811; Palmer v. State, 168 Ala. 124, 53 So. 283.

■ It is admittedly a fact in this case that there is no direct proof of the corpus delicti, and that the state must rely for a conviction on facts and circumstances surrounding the parties to establish the act of sexual intercourse between the parties, without which there can be no conviction. To do this, the evidence offered must be of such character as to lead to an act of illicit intercourse by fair inference as a *necessary* conclusion, and is not susceptible of a reasonable interpretation consistent with the defendant's innocence. Richardson v. Richardson, 4 Port. 467, 30 Am. Rep. 538; Mosser v. Mosser, 29 Ala. 313; Copeland v. State, 12 Ala. App. 169, 67 So. 623. In Coleman v. Coleman, 198 Ala. 225, 73 So. 473, after citing many cases and quoting from some eminent jurist, Thomas, J. in Coleman v. Coleman, supra, lays down this general rule: "The circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion" of guilt. In the same opinion, Mr. Justice Thomas says: "What are the circumstances which lead to such a conclusion cannot be laid down universally." It is also held that these circumstances must be considered by the situation and character of the parties, their station in life, the living conditions surrounding them, the state of general manners, and the like. Authorities, supra. What would be undue familiarity at one time would not be at another and under different conditions, and acts and association between one man and woman might authorize an inference of guilt, when the same acts and association between another man and woman under different conditions might be susceptible of being reconciled consistent with innocence, or might even not lead to adverse comment.

■ The evidence in this case took a wide range, showing the separation of Brown and his wife and Mrs. Sayers and her husband, the business partnership existing between the defendants, their living conditions, and a close and minute scrutiny of their acts and associations covering a period of two years. All of this evidence was relevant and admissible as tending to show the relationship of the parties in connection with such evidence as might tend to show an undue intimacy, and all to be considered by the jury under proper instruction from the court. Collins v. State, 14 Ala. 608; 9 Mitch. Dig. p. 558, par. 10 (6); Id., 559, par. 10 (8); Cook v. State, 17 Ala. App. 347, 85 So. 823; Bodiford v. State, 86 Ala. 67, 5 So. 559, 11 Am. St. Rep. 20.

■ From the foregoing it follows: (1) The court did not err to the injury of defendants in its several rulings on the evidence; (2) the court did not err in refusing to give at the request of defendant the general affirmative charge; (3) the court did err to a reversal in refusing to give as requested defendants' charges 5, 6, and 15.

■ Refused charge 11 is invasive of the province of the jury.

Refused charge 10 pretermits a consideration of the evidence as a basis for a reasonable doubt.

Refused charge 17 is an argument pure and simple.

Refused charge 18 states a correct proposition of law, and should have been given. A charge similar to this was held to be bad in Stevens v. State, 6 Ala. App. 6, 60 So. 459, but the two cases there cited do not sustain the court in its holding. The criticism of the charge in the Stevens Case we think was not justified, and even that criticism has been met by this defendant in his requested charge 18.

Refused charges 19 and 20 are good charges and should have been given.

It follows also that the trial judge committed error in refusing to grant the defendants' motion for a new trial.

For the errors pointed out, the judgment as to both defendants is reversed, and the cause is remanded.

Reversed and remanded.