(117 So. 762)

## GIBSON v. STATE. (8 Div. 628.)

Court of Appeals of Alabama. June 30, 1928.

John A. Lusk, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. To constitute adultery under the laws of this state, there must be proof of at least one act of illicit sexual intercourse, with an agreement, either expressed or implied, to continue the relationship as desire and opportunity offer. The statute is directed against a *state* or *condition* of cohabitation which the parties intend to continue so long as they may choose. Brown v. State, 108 Ala. 18, 18 So. 811.

There is testimony in this case which might tend to prove one act of intimacy between the defendant and a woman, which would authorize a jury to infer an act of illicit intercourse; but the testimony as to this was by one witness, who admits his ill will against defendant, and the facts testified to by him as to his opportunity for seeing what he testified to casts a very dark shadow over his deposition. For instance, this witness said he saw defendant and the King woman in the bed together. It was in a dark

room, at night, no lights in the room. He was on the outside of the room with a lantern and he saw them through the door crack, which was open about three inches. Our knowledge of physical conditions leads us to discredit a statement, which would be impossible. Opposed to this is the direct testimony of several unimpeached witnesses directly contradicting all that this witness testified to. Aside from the testimony of the above witness there is no evidence tending to prove the crime charged. There is much evidence tending to establish the innocence of defendant. After a careful reading of this entire record the court is of the opinion that the defendant's motion for a new trial should have been granted, and we so hold. Scott v. Scott, 215 Ala. 684, 112 So. 218.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.