(135 So. 641)

## BROWN v. STATE.

### 8 Div. 336.

Court of Appeals of Alabama.

June 30, 1931.

W. H. Long, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The defendant was convicted on a charge of living in a state of adultery with one Ollie Bradford. There was evidence tending to prove the charge as alleged. All of the evidence tending to prove an act of sexual intercourse was circumstantial, and was only to be inferred from acts of intimacy between the parties.

Adultery consists of at least one act of illicit intercourse between persons of different sexes, where either is married, and an agreement, either expressed or implied, to continue the relation as opportunity offers and the parties desire. Rich v. State, 1 Ala. App. 243, 55 So. 1022. Occasional acts, not indicating a prearranged continuation of the illicit intercourse, would not be a living together, within the meaning of the statute. Boice v. State, 10 Ala. App. 100, 65 So. 83. Before there can be a conviction under this statute, there must be at least one act of illicit intercourse, proven to the satisfaction

of the jury beyond a reasonable doubt, coupled with proof, beyond a reasonable doubt, of an agreement for a continuation of the relationship. . Bodiford v. State, 86 Ala. 67, 5 So. 559, 11 Am. St. Rep. 20. The court in its oral charge failed to explain this to the jury, but left to them the duty of saying what constituted the crime. Not having charged the jury as to the constituent elements of adultery, the court committed reversible error in refusing to give, at the request of the defendant, the following charge, to wit: "I charge you gentlemen of the jury that if you find from all the evidence that the defendant Arthur Brown and Ollie Bradford were living together you must believe from all the evidence that they had sexual intercourse and that there was a mutual intention between the parties to live together in adultery, and a mutual intention between the parties to repeat these acts of intercourse at some future time or times," which states a correct proposition of law.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.