(139 So. 572)

## CORNELISON v. STATE.
### 8 Div. 477.

Court of Appeals of Alabama.
Feb. 9, 1932.

F. E. Throckmorton, of Tuscumbia, for appellant.

[1] Ante, p. 123.

to stand and must be abrogated. Garner v. State, 20 Ala. App. 268, 101 So. 506, 507. The offense charged in the Garner Case was the same as here, and in that case, this court said: "Before a conviction for this offense can be had or sustained, the evidence, whether direct or circumstantial, must be of sufficient weight to convince the jury of the guilt of the accused beyond a reasonable doubt and to a moral certainty. A different rule of evidence does not obtain in a prosecution of this character, and a conviction for this offense should not rest upon suspicion, guesswork, or conjecture." The insistences of appellant's counsel on this appeal are sustained, and the judgment of conviction from which the appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was charged, by indictment, with the offense of living in a state of adultery or fornication with Lizzie Stutts, a woman. The evidence adduced upon the trial was that of several state witnesses. The defendant offered no evidence and rested his case upon the insufficiency of that offered by the state. This evidence has been read and considered by this court sitting en banc. We have reached the conclusion that the state failed to meet the burden of proof necessary to a conviction, and that from the whole evidence, as a matter of law, the defendant was entitled to an acquittal. The court erred in refusing to so direct the verdict upon the written request of defendant.

In this case, as in all criminal cases, the accused was presumed to be innocent. This presumption is evidentiary in its nature, and attended the accused throughout the trial, or, until his guilt was shown by the evidence beyond all reasonable doubt and to a moral certainty. Manifestly, the conviction of this appellant rested principally upon suspicion and conjecture. Where this is true the judgment of conviction cannot be permitted