14 So.2d 596

## BROWN v. STATE.

## BRYANT v. SAME.

### 4 Div. 688, 689.

Court of Appeals of Alabama.

April 20, 1943.

Rehearing Denied June 30, 1943.

Carnley & Carnley, of Elba, for appellants.

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

PER CURIAM.

The two appellants, Ped Brown and Ruby Bryant, were convicted under the denouncements of Sec. 16, Title 14, of the current Code for living in adultery. Brown was married and the woman single at the time alleged.

They were indicted separately, but tried together by agreement. The appeals are separate, but the submission is joint. The cases are similar, so we treat them together.

This is the controlling inquiry: Was the evidence sufficient to sustain the convictions and to justify the denial of the motions for new trial.

■ Before it can be affirmed that the proscribed relation is established, it must appear either from the proof adduced or from the inferences reasonably and legitimately arising therefrom that there has been at least an act of intercourse between the parties, and a continuation of such relation or an intention or agreement that it be continued.

Or, similarly: "There must be continuation, or an agreement for continuation, coupled with one or more acts, before it can be affirmed that the relation is established." Bodiford v. State, 86 Ala. 67, 68, 5 So. 559, 560, 11 Am.St.Rep. 20.

■ It is true that the crime may be established by circumstantial evidence, but this is "provided the circumstances adduced exclude every other reasonable hypothesis save the guilt of accused, mere suspicion and conjecture being insufficient to sustain a conviction for adultery." 2 C.J.S., Adultery, page 489-490, § 24; Cornelison v. State, 24 Ala.App. 594, 139 So. 572; Garner v. State, 20 Ala.App. 268, 101 So. 506.

■ This case, as to the facts, is not substantially unlike the two last above-cited cases, convictions in which this court was unwilling to uphold. In the present case, after a careful reading and consideration of the entire evidence by the court sitting en banc, the conclusion has been reached that the convictions here should be set aside. We are not impressed that the weight of the evidence is of that conclusive character which the law imposes to sustain a conviction. It may be that the evidence tends to show an opportunity to commit the offense, but not a single act of intimacy between the two, indicating an adulterous relation, was proven nor do we think the facts adduced showed such complicity or incriminating circumstances as to support a legitimate inference of guilt of such a grave charge.

A first-impression reading of the record would tend to bring us under the spell of the suspicions which apparently actuated the jury in its findings of guilty. However, after a careful consideration of the evidence, in connection with the learned and cogent argument of appellants' able counsel, we are forced to a contrary conclusion, and are in accord with them that new trials should be granted.

Concededly, honest people might become —and were—suspicious of the conduct of the two defendants in living alone for a short time in the same house and in automobile riding together, yet, it would be but suspicion only, and the merest conjecture and speculation to adopt these facts as basis for a just inference that the adulterous relation had been satisfactorily established by that measure of proof required by law.

Moreover, to counter the suspicions thus created by the State's evidence was the testimony of Brown's wife, his daughter, and other witnesses, who stoutly contended that the Bryant boy (who married defendant, Ruby Bryant, a few weeks after it is contended she and Brown moved into said house) had also moved in at the same time with them. Other circumstances, unnecessary to detail, also tended to weigh in favor of the defendants, such as that usually, when the two defendants were seen at the house together, either the small Bryant or Brown children were there, too. It does not appear just what the sleeping arrangements in the house were, how many beds were set up there for use, where placed and by whom used, etc. The court, of course, recognizes the difficulty of the prosecution in accomplishing substantial proof in such a case, but the State must discharge its legal burden here as in any other criminal case.

The diligent Attorney General, always attentive to duty, has furnished no adequate argument or authority to sustain a contrary view, nor has our search been of any avail. Perforce, we must declare a reversal of the judgments and order new trials in the case.

■ The view may have prevailed pending trial that certain depositions of the wife and daughter of defendant Brown (taken in his wife's divorce suit against him) bore strongly to support the convictions, but the only legitimate purpose of this proof, introduced upon rebuttal by the State, was in impeachment and contradiction, respectively, of these two witnesses. These depositions in no way contributed as substantive evidence to prove the crime.

■ The learned trial judge erroneously adjudged that he had lost jurisdiction to consider the motions for new trial duly filed and presented by the defendants. It was his opinion that, because they were not brought to his attention or noticed by him until more than thirty days after the date of the sentences, he was without power to rule upon them. So concluding, he accordingly entered an order to this effect and denied said motions upon this specific and

sole ground. In this there was error, for he had not lost jurisdiction.

The motions were brought to his attention and ruled upon by him within sixty days from sentence date, and in the cases at bar this sufficed to keep the motions in fieri. This, because the said trial judge, on the date of trial (as was duly proven upon submission of the cause), did not reside in the county of trial. Under the law now pertaining in such cases, sixty days from the date of the judgment of conviction is the period allowed within which to act upon (rule upon or continue) such motions. Code 1940, Title 13, Sec. 119; Montgomery Production Credit Ass'n v. M. Hohenberg & Co., ante, p. 117, 12 So.2d 865.

As indicated hereinabove, it is the opinion and judgment of this court that the motion for new trial should have been granted. The judgments of conviction are therefore set aside and the causes are reversed and remanded for further proceedings conformable herewith.

Reversed and remanded.