33 So.2d 388

### LAWSON v. STATE.
### 6 Div. 587.

Court of Appeals of Alabama.
Jan. 13, 1948.

Elliott & Petree, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

344

HARWOOD, Judge.

At his trial before the Circuit Court of Walker County, without a jury, this appellant was found guilty under an indictment charging him with living in a state of adultery or fornication with Elizabeth Turner. As punishment the court imposed a fine of $100 and sentenced appellant to serve six months at hard labor for Walker County.

The evidence introduced by the State was directed toward showing that Jake Turner and Elizabeth Turner were married some time in 1943, after Turner had entered the armed services. They established a small home some two miles east of Jasper, and Elizabeth continued to live in this house during her husband's absence in the army. Their marital career was apparently stormy. On July 3, 1945, Turner returned early in the morning to Jasper on furlough from Camp Butler, North Carolina. Between 6:30 and 8:30 o'clock on that morning, he went to his house in a taxi, for the purpose of seeing his wife about a divorce. He entered through a back door which was partially open and found his wife and the defendant in bed together, asleep, and clothed only in their underclothing. He observed them a moment, and then left. This witness testified he has seen the defendant and his wife together on several occasions since that time.

Mrs. Nellie Garrett, a sister of Jake Turner, testified that she and Elizabeth Turner had lived together for awhile after Turner had entered the army. These two had a falling out over some clothes and Mrs. Garrett moved out. She returned to get some of her things at around 8:00 o'clock on a morning in May 1945, and claims that on this visit she found appellant and Elizabeth Turner in bed together. She also testified that several times after this she saw the defendant and Elizabeth Turner pass her new residence in a car, but that they were accompanied by Elizabeth's sister and another man.

C. W. Harbison, a deputy sheriff, testified that he had gone out to the Turner house in the summer of 1945, he could not remember the month, to get some of Jake Turner's things, and on the occasion of this visit he had found the defendant there. He also had observed the defendant and Elizabeth Turner together on the streets of Jasper, and on the highway. He also saw them together at Linn's Park when he was called there to quell a disturbance caused by the defendant. Another woman and two men were with the defendant and Elizabeth Turner on this occasion.

Joe Moore, another Deputy Sheriff, testified he had seen the defendant and Elizabeth Turner together several times at different places during the summer of 1945. They were in an automobile, with several other people, that he searched one night near Sumiton, and he had also seen them in an automobile in Birmingham together, when no other people were with them.

For the defense Elizabeth Turner denied categorically that she had ever been in a bed with the defendant, or associated with him, or been accompanied by him at any time. She further testified that the defendant had done a few days work on her mother's house which was about 200 yards from her own house, but was not engaged in this work except in the daytime; that unless her sister-in-law, prior to their falling out, or her sister Audrey thereafter, could stay with her she spent the nights in her mother's house.

Mrs. Victoria Day, mother of Elizabeth Turner, gave testimony tending to corroborate Elizabeth's testimony.

The defendant testifying in his own behalf likewise categorically denied any misconduct with, or association with Elizabeth Turner.

On cross-examination, and over his objection and exception, he testified that he had been convicted of bigamy in the Circuit Court of Walker County.

One of the foremost cases of this State discussing the law and required degree of proof essential to sustain a convic-

tion for violation of Section 16, Title 14, Code of Alabama 1940, or its precursors, is Bodiford v. State, 86 Ala. 67, 5 So. 559, 11 Am.St.Rep. 20. In that case Chief Justice Stone wrote:

"To constitute a living in adultery within the statute (Code 1886, § 4012, [Code 1940, Tit. 14, § 16]) a single or occasional act, without more, is not sufficient. There must be continuation, or an agreement for continuation, coupled with one or more acts, before it can be affirmed that the relation is established. It is a crime of darkness and secrecy, and hence always difficult of direct proof. On this account it is held that when acts and complicating circumstances are proved, it becomes largely a question for the jury to determine whether there was in fact such continuation as amounted to a living together, or, what is equivalent to it, a mutual, guilty consent, express or implied, for such continuation. And the parties need not occupy the same dwelling, if there was a mutual expectation and understanding that the relation was to be kept up, or if in fact it was so kept up so as to satisfy the jury beyond a reasonable doubt (or its equivalent, to a moral certainty) that there must have been such understanding.

"As the antithesis of this, however, a single act, or occasional acts, not indicating a consentive or prearranged continuation of the illicit conduct, would not be a living together within the meaning of the statute. Collins v. State, 14 Ala. 608; Quartemas v. State, 48 Ala. 269; Hall v. State, 53 Ala. 463; Clarke Man. Crim. Pr. § 1546; State v. Crowley, 13 Ala. 172."

Again, in Walker et al. v. State, 104 Ala. 56, 58, 16 So. 7, 8, our Supreme Court stated: "It may be true, and doubtless is the law, that occasional acts of illicit intercourse, each had by a previous understanding or agreement for the particular act, not contemplating a continuance of the unlawful cohabitation or connection, but made in each instance for the single occasion, would not be a violation of the statute; but there may be a state or condition of cohabitation which is unlawful and prohibited by the statute, although the proof may not show more than occasional acts of illicit intercourse. Where there is such evidence as appears in the record before us, it is for the jury to say whether the unlawful state or condition exist."

■ We realize full well that a conviction for this offense cannot rest on mere suspicion or conjecture. Brown v. State, 31 Ala.App. 233, 14 So.2d 596. However, this case was tried before the court without a jury. The court's conclusions, from the evidence presented to him, must be accorded the effect of a jury verdict, and will only be hesitantly disturbed by us, and then only after resolving every presumption in favor of the correctness of his conclusion. See Vol. 6 Alabama Digest, Criminal Law, ⊜ 260(11), for numerous cases illustrating the above principle. So tested we are unwilling to say that the trial court erred in his conclusion that the facts presented in this case were sufficient to spell out the offense of living in adultery. In our opinion the acts and complicating circumstances here shown, viewed in the light of common knowledge of human nature, furnish a basis for the lower court's judgment as to consider it based on reasonable inferences from the evidence presented rather than on surmise or guess work.

■■ Error cannot be charged to the lower court in the overruling of the objection propounded to the defendant on cross-examination as to whether he had previously been convicted of the offense of bigamy. Appellant's counsel argues strenuously that the doctrine of Brasher v. State, Ala.Sup., 30 So.2d 31 [1] should compel a reversal of this case because of the admission of such testimony. The doctrine of the Brasher case is inapplicable to the question as that case dealt with other similar offenses in which there had been no conviction. Bigamy is a felony under Section 47, Title 14, Code of Alabama 1940, and its precursors. Punishment provided for such offense is imprisonment in the penitentiary for not less than two nor more than five years. We think it obviously clear that the offense of bigamy must be considered as involving moral turpitude. Conviction for a felony involving moral

---

[1] 249 Ala. 96.

turpitude may be shown for the purpose of affecting the credibility of a witness. Section 47, Title 14, Code of Alabama 1940, Moore v. State, 12 Ala.App. 243, 67 So. 789.

In our opinion no other questions of sufficient merit as to require comment appear in this record. It being our further opinion that the record is free of error materially affecting the substantial rights of the defendant this cause must be affirmed and it is so ordered.

Affirmed.