46 So.2d 245

**STEWART v. STATE.**

**8 Div. 764.**

Court of Appeals of Alabama.
May 9, 1950.

Thos. C. Pettus, of Moulton, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of living in adultery or fornication, this appeal was taken.

Upon the trial in the court below numerous witnesses for the State, and also for the defendant, were examined. We have examined all of said testimony and in no single instance have we found any evidence tending to show any act of intimacy, or lewdness, between the parties who were

indicted in this case. Therefore upon authority of the following enumerated cases, we hold that the trial court erred in overruling and denying defendant's motion for a new trial. There was error also in refusing the affirmative charge requested in writing by defendant. Bodiford v. State, 86 Ala. 67, 5 So. 559, 11 Am.St.Rep. 20; Rich v. State, 1 Ala.App. 243, 55 So. 1022; Copeland v. State, 12 Ala.App. 168, 67 So. 623; Garner v. State, 20 Ala.App. 268, 101 So. 506; Brown v. State, 22 Ala.App. 290, 115 So. 68; Gibson v. State, 22 Ala.App. 563, 117 So. 762; Brown v. State, 24 Ala. App. 385, 135 So. 641; Cornelison v. State, 24 Ala.App. 594, 139 So. 572; Brown, Bryant v. State, 31 Ala.App. 233, 14 So.2d 596, certiorari denied 244 Ala. 597, 14 So.2d 598.

In the above cases recited facts in several of the decisions disclosed a much stronger case for the State, than the facts of the case at bar.

■ The cursory oral charge of the court consisted of three short paragraphs. In said charge the court failed and refused to instruct the jury in any manner as to the constituent elements of the offense of living together in a state of adultery or fornication, and also refused two charges seeking to cure this omission. This was error.

■ In our case of Brown v. State, 24 Ala.App. 385, 135 So. 641, supra, the court said: "Adultery consists of at least one act of illicit intercourse between persons of different sexes, where either is married, and an agreement, either expressed or implied, to continue the relation as opportunity offers and the parties desire. Rich v. State, 1 Ala. App. 243, 55 So. 1022. Occasional acts, not indicating a prearranged continuation of the illicit intercourse, would not be living together, within the meaning of the statute. Boice v. State, 10 Ala.App. 100, 65 So. 83. Before there can be a conviction under this statute, there must be at least one act of illicit intercourse, proven to the satisfaction of the jury beyond a reasonable doubt, coupled with proof, beyond a reasonable doubt, of an agreement for a continuation of the relationship. Bodiford v. State, 86 Ala. 67, 5 So. 559, 11 Am.St.Rep. 20.

The court in its oral charge failed to explain this to the jury, but left to them the duty of saying what constituted the crime. Not having charged the jury as to the constituent elements of adultery, the court committed reversible error in refusing to give, at the request of the defendant, the following charge, to wit: 'I charge you gentlemen of the jury that if you find from all the evidence that the defendant Arthur Brown and Ollie Bradford were living together you must believe from all the evidence that they had sexual intercourse and there was a mutual intention between the parties to live together in adultery, and a mutual intention between the parties to repeat these acts of intercourse at some future time or times,' which states a correct proposition of law."

Pending the trial of this case, the court was called upon in numerous instances to rule upon the admission of the evidence, and we note that when said rulings were adverse to the State, the Solicitor reserved exceptions to each of said rulings. These exceptions were unusual and abortive, the State has no right of appeal in cases of this character.

Reversed and remanded.