244

81 So.2d 925

**Erskine FULLER**

v.

**STATE.**

**8 Div. 704.**

Court of Appeals of Alabama.

Aug. 9, 1955.

W. L. Chenault, Decatur, for appellant.

HARWOOD, Presiding Judge.

This appellant has been found guilty of living in a state of adultery with Bertia King.

The evidence shows that Mrs. King and this appellant were separated from their respective spouses. Mrs. King lived in a trailer back of the home of Odis Roberts.

Eula Mae Roberts, a witness for the State, testified that on visits to her brother's house she once saw appellant in the yard of the trailer, and that she had observed him sitting in the trailer some four or five times.

Odis Roberts testified that he saw the appellant at the trailer "lots" of times; that if appellant was drinking he would stay from early in the morning till late at night.

This witness also testified he had seen appellant at seven one morning at the trailer, the "time he cursed me and my wife out."

■■ The above constitutes the State's evidence. It is palpably insufficient to support the judgment of guilty entered by the court. There is not one single fact produced by the State tending to show any misconduct or acts of intimacy between the appellant and Mrs. King. To sustain a conviction for this charge the State must prove beyond a reasonable doubt either by direct evidence or by circumstances that will warrant the reasonable conclusion that there has been at least one act of illicit intercourse between the parties, with an agreement between them either express or implied, to continue the relationship as opportunity offered. The evidence offered must be of such character as to lead necessarily by fair inference that an illicit intercourse has occurred, and must be inconsistent with an accused's innocence. Copeland v. State, 12 Ala.App. 168, 67 So. 623; Garner v. State, 20 Ala.App. 268, 101 So. 506; Brown v. State, 22 Ala.App. 290, 115 So. 68; Brown, Bryant v. State, 31 Ala.App. 233, 14 So.2d 596; Stewart v. State, 35 Ala. App. 288, 46 So.2d 245.

The evidence presented by the State merely shows an opportunity to commit the offense. Beyond that surmise speculation and conjecture must be resorted to to sustain this conviction. Criminal convictions cannot be sustained on such bases. Certainly there is nothing presented by the State's evidence sufficiently cogent to over-

.come the presumption of innocence guaranteed under our laws to every person criminally charged.

Reversed and remanded.